**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gary Lee SMITH, Defendant–Appellant.**

**No. 90–30010.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 10, 1990.*

Decided Aug. 20, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Nancy Shaw, Asst. Federal Public Defender, Anchorage, Alaska, for defendant-appellant.

Richard A. Friedman, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before RONEY,** FARRIS, and FERNANDEZ, Circuit Judges.

PER CURIAM:

Gary Lee Smith was charged and convicted on 40 counts of sexual abuse and exploitation of his children in violation of 18 U.S.C. §§ 13 and 2032. Smith appeals his conviction on the grounds that it was obtained in violation of his double jeopardy rights. We review double jeopardy challenges *de novo*. *United States v. Castiglione*, 876 F.2d 73, 75 (9th Cir.1988). We affirm.

** Honorable Paul H. Roney, Senior Circuit Judge, for the Eleventh Circuit, sitting by designation.

## BACKGROUND

Smith was a sergeant in the United States Army at the time he committed the offenses for which he was convicted. On December 5, 1988, military charges were issued against Smith for substantially the same conduct that would be charged in the federal indictment on December 14, 1988. While both federal and military charges were pending, Smith submitted a request for "Discharge for the Good of the Service" pursuant to Chapter 10 of Army Regulations 635–200. Chapter 10 permits a soldier who has committed an offense subject to a bad conduct discharge to request discharge on this non-punitive basis. In the request for discharge, Smith admitted guilt to the charged offenses "or of lesser included offenses therein which also authorizes the imposition of a bad conduct or dishonorable discharge." The request was granted and Smith was discharged Under Other Than Honorable Conditions with the notation that the discharge was "For the good of the service—in lieu of court-martial." Smith argues that the Chapter 10 discharge was a plea agreement in settlement of the pending military charges. As such, Smith contends that jeopardy attached to those charges, prohibiting further prosecution by either the military or civil authorities for the same conduct.

## DISCUSSION

The Double Jeopardy Clause bars a second prosecution of a defendant who has already been placed in jeopardy for the same offense by the same sovereign. *See Christ v. Bretz*, 437 U.S. 28, 35, 98 S.Ct. 2156, 2160, 57 L.Ed.2d 24 (1978); *Abbate v. United States*, 359 U.S. 187, 194–95, 79 S.Ct. 666, 670–71, 3 L.Ed.2d 729 (1959). The Government does not dispute that the military tribunal and the federal court represent the same sovereign. Nor does the Government dispute that the charges filed in federal court included substantially the same offenses charged in the military proceeding. The sole issue on appeal is wheth-

nation.

er Smith was placed in jeopardy when he was discharged pursuant to his Chapter 10 request.

■ Smith argues that jeopardy attached to the military proceeding when the Army accepted his "guilty plea" and granted his discharge. Jeopardy ordinarily attaches upon the court's acceptance of a plea agreement. *United States v. Vaughan,* 715 F.2d 1373, 1378 n. 2 (9th Cir.1983); *Fransaw v. Lynaugh,* 810 F.2d 518, 523 (5th Cir.1987); *cf. United States v. Cruz,* 709 F.2d 111, 114 (1st Cir.1983) (identifying circumstances under which acceptance of plea does not mark irrevocable attachment of jeopardy); *Ricketts v. Adamson,* 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987) (defendant's breach of plea agreement removes bar to further prosecution). Thus, if the Chapter 10 discharge was an acceptance of a plea agreement or guilty plea to criminal charges, Smith would have a tenable double jeopardy claim.

■ We reject Smith's argument. The Chapter 10 request and discharge did not place Smith in jeopardy. "Jeopardy denotes risk" of an essentially criminal nature. *Breed v. Jones,* 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975). Although the military charges were criminal in nature, a Chapter 10 discharge is administrative and non-punitive. *See* D. Schlueter *Military Criminal Justice* § 1–8(B) (2d ed. 1987); *Pickell v. Reed,* 326 F.Supp. 1086, 1089 (N.D.Cal.), *aff'd,* 446 F.2d 898 (9th Cir.), *cert. denied,* 404 U.S. 946, 92 S.Ct. 301, 30 L.Ed.2d 262 (1971); *see also Denton v. Secretary of Air Force,* 483 F.2d 21, 29 (9th Cir.1973). No double jeopardy concern is raised when the first proceeding threatens a civil sanction rather than a loss of liberty. *United States v. Lasky,* 600 F.2d 765, 767 n. 1 (9th Cir.1979) (jeopardy not implicated by threatened loss of mail service); *United States v. Miller,* 797 F.2d 336, 340 (6th Cir.1986) (judicial

probation hearing does not subject individual to jeopardy). Smith's counsel attested that the Chapter 10 discharge was to "dispose of the then pending military charges without a trial or conviction." Smith was convicted of no crime as a result of the discharge. Because acceptance of the Chapter 10 request could result in no more than an administrative discharge, Smith was not yet placed in jeopardy of criminal sanctions.

This reasoning is consistent with the only published decision addressing these circumstances.[1] In *Bartlett v. United States,* 475 F.Supp. 73, 76 (M.D.Fla.1979), the district court held that an undesirable discharge resulting from a court-martial was "an administrative action rather than a criminal punishment, [citation omitted], even though the effects of such a discharge may punish the individual in the civil sense by cutting off benefits." Double jeopardy rights are not implicated by a termination of criminal charges that imposes no criminal punishment and results in no criminal conviction for any charged offense. *See Ohio v. Johnson,* 467 U.S. 493, 501, 104 S.Ct. 2536, 2541–42, 81 L.Ed.2d 425 (1984) (double jeopardy protection applied only to charges for which defendant had pled guilty and thus had "been exposed to conviction"); *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975) (further prosecution not barred where indictment dismissed prior to trial).

Smith's claim of double jeopardy also fails because his discharge request was not a "plea agreement" to criminal charges. Jeopardy ordinarily attaches upon the acceptance of a guilty plea, in part, because it is the formal plea that exposes the defendant to conviction. "A plea of guilty ... is itself a conviction. More is not required...." *Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). If there is no criminal

---

1. The two circuit court decisions cited by the Government are distinguishable. In *Denton,* 483 F.2d at 29, the prior military proceeding did not involve criminal charges. In *United States v. MacDonald,* 585 F.2d 1211 (4th Cir.1978), the

military criminal charges were dismissed independent of any agreement by the defendant. Neither case addressed the issue of whether jeopardy attaches upon an administrative settlement of criminal military charges.

conviction, however, the agreement does not place the defendant at "risk" of the criminal ramifications for any of the charged offenses.

Smith's discharge request contained no guilty plea and no threat of a conviction. The request was pursuant to Chapter 10 rather than Rule 705 of the Rules for Court–Martial, which expressly provide for plea agreements to court-martial charges. The request did not admit guilt to any particular crime but only generally to the charged crimes "*or* lesser included offenses therein which also authorizes the imposition of a bad conduct or dishonorable discharge." This language is taken verbatim from the pattern discharge request included in the regulations. Rather than a plea of "guilty," the admission establishes the precondition for the Chapter 10 discharge that the soldier has "committed an offense or offenses, the punishment for which ... includes a bad conduct or dishonorable discharge." AR 635–200, Chap. 10–1.a. Unlike a guilty plea, these statements are not admissible as evidence in a criminal proceeding. *See United States v. Barunas,* 23 M.J. 71, 75 (C.M.A.1986); Mil.R. Evid. 410(b). The form of the discharge request unambiguously demonstrates that it was not a guilty plea that would trigger double jeopardy protections.

■ Similarly, we reject Smith's argument that acceptance of the Chapter 10 discharge request equitably estopped the civil authorities from prosecuting his case.[2] Although the military court jurisdiction terminates upon grant of a discharge to the defendant, *United States v. MacDonald,* 435 U.S. 850, 851 n. 2, 98 S.Ct. 1547, 1548 n. 2, 56 L.Ed.2d 18 (1978), the acceptance of the discharge request did not imply dismissal of criminal charges by the civil authorities. For this reason, Smith's estoppel argument must also be rejected.

AFFIRMED.

---

**2.** The Government interprets Smith's argument as one of collateral estoppel. Collateral estoppel is not applicable because there has been no adjudication of any fact in the first proceeding. *Dowling v. United States,* — U.S. —, 110 S.Ct. 668, 671, 107 L.Ed.2d 708 (1990).