994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Barry E. BULLOCH, Appellant.
 No. 93-1087.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 25, 1993.
Filed: May 28, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Barry E. Bulloch, a civilian employee at the Pine Bluff Arsenal, appeals from his conviction and sentence for operating a motor vehicle under the influence of alcohol, in violation of the Assimilative Crimes Act, 18 U.S.C. § 13, following a trial before the magistrate judge.[1] We affirm.
 
 
 2
 In August 1991, after drinking alcohol for most of the day at a Labor Day party, Bulloch ran off the road and rolled his truck in a ditch. The base commander suspended his on-post driving privileges for a year pursuant to Army regulation 2-5(a)(3), which states that the installation commander may immediately suspend or revoke installation driving privileges "pending resolution of [an employee's] intoxicated driving incident." The government then charged Bulloch with driving under the influence, a misdemeanor.
 
 
 3
 The magistrate judge determined that Bulloch was guilty of the offense and sentenced him to twenty-four hours imprisonment with credit for time served, sixteen hours of community service in lieu of a $150 fine, and attendance at alcohol education classes, and suspended his Arkansas driver's license for a period of not less than ninety days. The latter two sanctions were stayed pending this appeal. Relying on United States v. Halper, 490 U.S. 435, 448-49 (1989), Bulloch argues that the Double Jeopardy Clause barred his conviction because the government had already imposed a penalty on him-the suspension of his installation driving privileges.
 
 
 4
 The Double Jeopardy Clause protects against the imposition of multiple punishments for the same offense. Id. at 440. Application of the administrative sanction against Bulloch is not so divorced from any remedial goal that it "constitutes punishment" for purposes of double jeopardy. Id. at 448. Bulloch's case is similar to United States v. Smith, 912 F.2d 322 (9th Cir. 1990) (per curiam), in which the court determined that a less-than-honorable discharge that included an admission of guilt to criminal charges did not place Smith in jeopardy, and criminal proceedings on the same charges were, therefore, not barred by the Double Jeopardy Clause. Id. at 324-35. The court determined that Smith's discharge was "administrative and non-punitive." Id. at 324.
 
 
 5
 Accordingly, we affirm.
 
 
 6
 A true copy.
 
 Attest:
 
 7
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)(1)