REAVLEY, Circuit Judge:
 

 Paul L. Faber appeals his conviction for conspiracy to manufacture and possess with intent to distribute marijuana. Faber contends that his criminal sentence should be vacated in light of the recently decided Ninth Circuit case,
 
 U.S. v. $405,089.23 U.S. Currency,
 
 which held that criminal proceedings and civil forfeiture proceedings based on the same acts may subject a defendant to double jeopardy. 33 F.3d 1210 (9th Cir.1994),
 
 reh’g denied,
 
 56 F.3d 41 (1995). We affirm.
 
 [1]
 

 On November 10, 1992 the government filed a civil forfeiture against Faber for his house at 7777 S.W. 69th Avenue (the Fabers’ residence). On October 14, 1993 a grand jury returned a superseding indictment charging Faber with conspiracy to manufacture and distribute marijuana and maintaining premises for manufacturing, distributing and using marijuana at 7777 S.W. 69th Avenue. On February 2, 1994, the government filed another civil forfeiture proceeding seeking to forfeit Faber’s real property located at 7755 S.W. 69th (a rental property), as a substitute for his property at 7777 S.W. 69th Avenue.
 

 On February 7, 1994, after a suppression motion was denied, Faber pled guilty to the conspiracy charge and reserved his right to appeal his denied motion to suppress. Fa-ber’s plea agreement acknowledged that he had agreed to forfeit property, including all interest in his properties at 7755 S.W. 69th and 7777 S.W. 69th.
 

 Faber executed a Settlement Agreement in the civil forfeiture proceedings, pursuant to the terms of the plea agreement on March 2, 1994. On March 25, 1994, the district court entered a Final Judgment of Forfeiture against the property at 7755 S.W. 69th in the civil proceeding. On April 12, 1994, the civil case against the property at 7777 S.W. 69th was dismissed without prejudice.
 

 The district court sentenced Faber to 57 months imprisonment and ordered Faber to “forfeit ... the property listed for forfeiture pursuant to the plea agreement” on June 16, 1994. Four days later, the Judgment and Commitment Order and Findings of Fact Order in the criminal proceeding were entered. On August 30,1994, a Final Order of Forfeiture was filed for various items of personal property forfeited in the criminal case.
 

 This court has recently held that criminal proceedings and civil forfeiture proceedings based on the same acts may subject a defendant to double jeopardy.
 
 $4,05,089.23 U.S. Currency,
 
 33 F.3d at 1222. Faber contends that his criminal prosecution should be vacated because it violates the double jeopardy clause since jeopardy attached first in the civil forfeiture proceeding instituted against him.
 

 Jeopardy ordinarily attaches in a criminal proceeding when the court accepts a plea agreement.
 
 U.S. v. Smith,
 
 912 F.2d 322, 324 (9th Cir.1990).
 
 [2]
 
 Faber entered his guilty plea in the criminal proceeding on February 7, 1994 and the court accepted the plea and the parties’ agreement with respect to the plea. The only condition placed on the plea was that it was subject to an appeal regarding a suppression issue. Faber entered into a settlement agreement in the civil forfeiture proceeding on March 2, 1994. Since jeopardy attached first in the criminal
 
 *875
 
 proceeding, that proceeding did not violate the double jeopardy clause and Faber’s criminal conviction must stand.
 
 See U.S. v. Barton,
 
 46 F.3d 51, 52 (9th Cir.1994) (“Because [the defendant] had already pleaded guilty to the criminal charges, that criminal conviction is not now subject to a double jeopardy attack by virtue of the subsequent civil proceedings.”). Faber has not appealed the judgment in the civil forfeiture proceeding, and therefore, the question of whether it violated double jeopardy under
 
 $4,05,089.23 U.S. Currency
 
 is not before us.
 

 Faber attempts to distinguish
 
 Smith
 
 because his plea was “conditional.” In
 
 Adamson v. Ricketts,
 
 the issue of whether a court’s acceptance of a plea of guilty constitutes the point at which jeopardy attaches was raised in a case where the court’s acceptance was conditioned on the court’s review of the plea agreement and the court’s determination of the appropriateness of the sentence. 789 F.2d 722, 726 (9th Cir.1986),
 
 rev’d on other grounds,
 
 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987). The court concluded that the issue did not need to be resolved in that ease, but in dicta the court indicated that under certain circumstances a conditional acceptance of a plea might not be considered the point at which jeopardy attaches.
 
 Id.
 

 In
 
 Ricketts,
 
 the court’s acceptance of the plea and the parties’ agreement could not be considered final until certain conditions precedent were met. In this case, the court’s acceptance of the plea was final and the only condition placed on the plea was that it was subject to Faber’s appeal regarding the suppression issue. Neither the district court nor the Government reserved the right to reject the plea at a later date. Faber could not withdraw the plea. The district court judge warned Faber before he accepted the plea and adjudged him guilty that Faber’s ultimate sentence might come out differently than he anticipated, but this would not be grounds for withdrawal of the plea. The court did not warn that the acceptance was contingent on its own review of a plea agreement. The parties merely stipulated that the judgment be vacated if Faber succeeded in his suppression appeal. All criminal convictions are subject to appeal. Susceptibility to appeal does not change the fact that jeopardy attaches in a tried case when the jury is empaneled, and we see no reason for susceptibility to appeal changing when jeopardy attaches in a case resolved by entry of a guilty plea.
 

 AFFIRMED.
 

 [1]
 

 . Faber also appeals his conviction and sentence claiming that the evidence used against him was obtained in an illegal search and that the district court attributed too many marijuana plants to him in deciding his sentence. We address these issues in a separate, unpublished opinion.
 

 [2]
 

 . Faber contends that jeopardy does not attach in a criminal case until a defendant begins serving the sentence imposed. Faber cites
 
 U.S. v. Von Moos,
 
 660 F.2d 748, 749 (9th Cir.1981) for support. That case, and the Ninth Circuit case upon which it relies,
 
 U.S. v. Ford, 632
 
 F.2d 1354, 1380 (9th Cir.1980), dealt with the issue of double punishment in the context of deciding whether a convicted criminal could be resentenced and given additional punishment once the original sentence had begun. These cases are not applicable here.