**UNITED STATES of America**

v.

**Dayne Arthur SMOOT, Defendant.**

**Nos. CR89–60084–1, CV 95–6088–JO.**

United States District Court, D. Oregon.

June 29, 1995.

Kristine Olson Rogers, U.S. Atty., D. of Or., Deborah J. Dealy–Browning, Asst. U.S. Atty., Portland, OR, for the U.S.

Russell D. Bevans, Eugene, OR, for defendant.

## *ORDER*

ROBERT E. JONES, District Judge:

Defendant Dayne Arthur Smoot moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, contending that the conviction violated his rights under the Double Jeopardy Clause of the Fifth Amendment. After considering the evidence and arguments presented by the parties, I conclude that the motion must be denied.

In September 1989, a series of search warrants were executed at Smoot's residence, warehouse and furniture store. Subsequently, a federal grand jury returned an indictment charging Smoot with violations of federal narcotics laws. The United States also filed a civil forfeiture action against personal property seized from Smoot in September 1989. On April 20, 1990, Smoot entered a plea of guilty to a one count superseding information. On May 8, 1990, Smoot entered into a settlement agreement in the civil forfeiture case, and a judgment of forfeiture was entered on May 16, 1990. On July 16, 1990, Smoot was sentenced to 188 months in prison.

Smoot contends that his criminal conviction violated his rights under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because he was subjected to prior jeopardy for the same offense in the civil forfeiture proceedings. The United States contends that double jeopardy is not applicable in this case because Smoot entered a guilty plea before the civil forfeiture proceedings were completed.

I have consistently held that jeopardy attaches in a criminal case when the court accepts a guilty plea, and that jeopardy attaches in civil forfeiture proceedings when judgment is entered. *United States v. Stanwood,* 872 F.Supp. 791 (D.Or.1994). The Ninth Circuit recently confirmed this approach in *United States v. Faber,* 57 F.3d 873 (9th Cir.1995). Applying this analysis to the present case, jeopardy attached in the criminal proceedings before Smoot entered into the settlement agreement and before judgment was entered in the civil forfeiture proceedings. Therefore, Smoot's criminal conviction did not violate the Double Jeopardy Clause.

## CONCLUSION

For the reasons stated above, Smoot's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is denied. This proceeding is dismissed.