UNITED STATES of America, Plaintiff,

v.

Henry SINGLETON, Defendant.

Nos. CR–91–0537–FMS, C–95–0885–FMS.

United States District Court,
N.D. California.

June 30, 1995.

David A. Nickerson, Sausalito, CA, for Henry E. Singleton.

William P. Schaefer, Asst. U.S. Atty., Organized Crime Strike Force, San Francisco, CA, for U.S.

## ORDER DENYING DEFENDANT'S § 2255 MOTION

FERN M. SMITH, District Judge.

### ISSUE

The issue before the Court is whether a civil forfeiture to which a defendant explicitly consented in the plea agreement disposing of his criminal case, and which consent was a specifically bargained-for term of the agreement, violates his rights under the Double Jeopardy Clause of the Fifth Amendment. The Court finds that it does not.

### BACKGROUND [1]

On September 10, 1991, defendant Singleton was indicted by a federal grand jury in the Northern District of California for numerous drug, firearms, and money laundering offenses. On January 28, 1992, a superseding indictment was returned. On February 12, 1992, the United States filed a civil complaint for forfeiture of $71,740 in U.S. currency and three luxury automobiles, pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6) and 18 U.S.C. § 981(a)(1)(A). The civil matter was assigned to the Hon. Vaughn R. Walker. On March 30, 1992, defendant filed an answer to the civil complaint. On July 14, 1992, Judge Walker ordered the civil forfeiture proceeding stayed pending disposition of the underlying criminal case.

Following extensive pretrial negotiations, and pursuant to a written plea agreement ("the Agreement"), on September 17, 1992, defendant Singleton pled guilty to the following counts of the superseding indictment: (1) Count One—Conspiracy to Distribute Heroin in violation of 21 U.S.C. § 846; (2) Counts Two through Four—Distribution of Heroin in violation of 21 U.S.C. § 841(a)(1); (3) Count

---

1. The information contained in this section comes, in large part, from the United States' Response to Order to Show Cause Concerning Defendant's § 2255 Petition. Defendant does not dispute these facts.

Twenty Two—Use of a Firearm in the Commission of Drug Offenses in violation of 18 U.S.C. § 924(c)(1); and (4) Count Twenty Five—Laundering of Monetary Instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Defendant waived any right to challenge the underlying facts of all offenses charged. Additionally, he explicitly agreed, as part of the universal disposition, to the forfeiture of the currency and automobiles:

> The defendant acknowledges, in proceedings separate from this Plea Agreement, that he shall forfeit all right, title, and interest, pursuant to a Complaint for forfeiture, filed by the United States, in the following property which he admits either constitutes the proceeds of drug trafficking or was used to facilitate drug trafficking.

The Agreement at 8. In exchange, the government agreed, among other things, to forego forfeiture of the real property known as 6691 Crow Canyon Road, Castro Valley, California.

On September 23, 1992, five days after the execution of the Agreement and entry of Singleton's guilty plea, the parties filed a settlement stipulation concerning the civil complaint. This stipulation stated that the currency and two of the three automobiles were being forfeited pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6). The third automobile, the 1986 Maserati, was being forfeited pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A). Judge Walker issued the Judgment and Final Order of Forfeiture on September 23, 1992, specifically relying on the settlement stipulation. On March 24, 1993, defendant was sentenced to a total of 181 months incarceration by this Court.

At no time during the pre-plea proceedings through sentencing did Singleton challenge, on double jeopardy grounds, the explicit forfeiture provisions in the Agreement or the Final Order of Forfeiture. Moreover, defendant filed no appeal to the Ninth Circuit contesting, on double jeopardy grounds, either the criminal convictions or the forfeiture. Finally, at no time during subsequent litigation over a grand jury subpoena, in which the plea agreement was successfully invoked by the defendant, did Singleton or his counsel suggest that either the conviction or the sentence was barred by the Double Jeopardy Clause.

On March 16, 1995, two years after defendant was sentenced, defendant filed this § 2255 Motion, in which he argues that "[j]eopardy attached first in the civil forfeiture action ... The subsequent judgment and sentence in the criminal case thus constituted a second judgment and punishment for the same conduct." § 2255 Motion Dated 3/16/95 ¶ 10. On April 28, 1995, defendant also filed, before Judge Walker, a Motion to Set Aside Judgment of Forfeiture, in which he asserts that "[he] was punished first by the judgment of conviction and 121 [sic] month sentence imposed by the court in the criminal case ... Singleton was punished a second time by this Court's judgment and Final Order of Forfeiture." *Id.* at ¶ 5.7. Since the Motion to Set Aside Judgment is before Judge Walker, this Court need only deal with defendant's § 2255 motion, in which he claims that he was punished twice, in violation of the Double Jeopardy Clause of the Fifth Amendment. Although certain findings in this Order may, of necessity, raise inferences relevant to the Motion to Set Aside Judgment, this ruling is neither advisory to nor binding upon Judge Walker.

## DISCUSSION

Defendant relies primarily on the recent Ninth Circuit decision *United States v. $405,-089.23 in U.S. Currency,* 33 F.3d 1210 (9th Cir.1994) ("*Arlt*") to support his claim that his criminal sentence is unconstitutional under double jeopardy analysis. In that case, the Ninth Circuit held that a civil forfeiture based on the same offense as a criminal indictment could violate the Double Jeopardy Clause. In response to Singleton's arguments the government argues that: (1) defendant waived his right to challenge either his sentence or the forfeiture of his property on double jeopardy grounds; (2) defendant fails to sustain his double jeopardy challenge because the punishments were imposed in the same proceeding; and (3) *Arlt* should not be applied retroactively. The Court finds that (1) the criminal conviction by plea was the first proceeding in which jeopardy attached and is therefore not subject to a

double jeopardy attack; (2) defendant was not subjected to multiple punishments for the same offense; and (3) defendant's participation in the plea agreement waived his right to invoke a double jeopardy bar by way of this § 2255 motion; therefore, the Court need not address the issue of whether *Arlt* applies retroactively.

### A. *When Jeopardy Attaches*

 Courts have differed on the issue of when jeopardy attaches in a conviction by plea. Recent Ninth Circuit law, however, holds that jeopardy attaches when a court accepts the defendant's guilty plea. *See United States v. Faber,* 57 F.3d 873 (1995); *United States v. Smith,* 912 F.2d 322, 324 (9th Cir.1990). In this case, therefore, jeopardy attached in the criminal matter on September 17, 1992, while the final judgment of forfeiture was not entered until September 23, 1992. Pursuant to *Faber, supra,* the criminal conviction is not now subject to a double jeopardy attack by virtue of the subsequent civil proceedings.

### B. *Multiple Punishments*

The Double Jeopardy Clause of the Fifth Amendment to the Constitution provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const.Amend V. The Supreme Court has explained that the Clause protects against both successive punishment and successive prosecution. *United States v. Dixon,* 509 U.S. ——, ——, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556 (1993) (citing *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). Indeed, the protection against multiple punishments is one of the Constitution's most fundamental and well-established protections. *See United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989).

 It is equally well established that a single prosecution seeking multiple punishments may be brought without double jeopardy implications. *See Ohio v. Johnson,* 467 U.S. 493, 500, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984). In *Halper,* the Supreme Court made clear that the government may seek and obtain "both the full civil penalty and the full range of statutorily authorized criminal penalties," for an offense, as long as it does so in the "same proceeding." *Halper,* 490 U.S. at 450, 109 S.Ct. at 1903.

The case at bar clearly involves the punishment prong of the Clause. Defendant claims that because he was first "punished" in the civil forfeiture proceeding, his subsequent punishment by sentencing is barred under double jeopardy analysis.

The Supreme Court, in the recent case of *Witte v. United States,* —— U.S. ——, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), held that "where the legislature has authorized such a particular punishment range for a given crime, the resulting sentence within that range constitutes punishment only for the offense of conviction for purposes of the double jeopardy inquiry." *Id.* at ——, 115 S.Ct. at 2208. In *Witte,* the petitioner argued that because certain uncharged, relevant conduct had been taken into account during sentencing on a prior charge, he could not subsequently be "punished" for that same conduct when it was later charged as a separate offense. The Supreme Court reiterated that "courts may not impose more than one punishment for the same offense and prosecutors *ordinarily* may not attempt to secure that punishment in more than one trial." *Id.* at ——, 115 S.Ct. at 2205 (citing *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977) (emphasis added); *Ball v. United States,* 470 U.S. 856, 861, 864–65, 105 S.Ct. 1668, 1671, 1673–74, 84 L.Ed.2d 740 (1985) (explaining that for purposes of double jeopardy inquiry, punishment "must be the equivalent of a criminal conviction and not simply the imposition of sentence")). The Court went on to find that consideration of uncharged conduct in arriving at a sentence "within the statutorily authorized punishment range" did not constitute "punishment" for double jeopardy purposes. *Witte,* —— U.S. at ——, 115 S.Ct. at 2205.

 Though the facts of *Witte* are distinguishable, the general principle for which it stands is applicable to the instant case. In the same manner that Witte's relevant conduct could be used both as an enhancement and as a separate punishable offense, this

Court finds that forfeiture of Singleton's property may be used as part of his criminal punishment without violating the Double Jeopardy Clause. As long as the value of the property forfeited is within the range of fines imposed by the legislature for the underlying criminal offense, and is agreed to by the defendant as part of a single unified plea-bargaining process, the forfeiture does not constitute a separate punishment for purposes of double jeopardy analysis.

According to the relevant sentencing guidelines, the maximum amount defendant could be fined for Counts One through Four was $4 million. The maximum statutory fine for Count 24 was $500,000 or twice the value of the property involved in the transaction. *See* the Agreement at 4; 18 U.S.C. § 1956. Although the exact dollar value of the automobiles forfeited was never stated, it is clear that the value of all property forfeited plus the fine imposed at sentencing falls well below the statutory maximum fine limit. Furthermore, although the forfeiture action may technically have been a separate proceeding before a separate judge, incorporating the stipulated forfeiture into the plea agreement allowed the sentencing court to take the forfeiture into account in deciding whether and in what amount to impose a fine. *See United States v. Crook,* 9 F.3d 1422, 1426 (9th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1841, 128 L.Ed.2d 467 (1994).

The *Arlt* court found that separately docketed civil and criminal cases are "separate proceedings," even though "parallel." It did not hold, however, that separate proceedings necessarily impose multiple punishments. Further, the facts of this case are substantially different from those in *Arlt.* The *Arlt* defendants contested both the civil forfeiture action and their criminal conviction. They were therefore required to "defend on two fronts," which the Ninth Circuit viewed as "manipulative prosecution" strategy. *Arlt,* 33 F.3d at 1217. Thus, the government's behavior was found to be the type of abusive conduct about which *Halper* was concerned, and against which the Double Jeopardy Clause protects.

Here, there is no evidence of conscious governmental abuse. The government filed its civil complaint within twelve days of filing the superseding indictment. Any concern that the government's civil action was motivated by its dissatisfaction with the punishment imposed in the criminal matter is therefore unfounded. Nor did the government use the forfeiture to "harass or exhaust" defendant, since he expressly and voluntarily consented to the civil forfeiture as part of his guilty plea in the criminal matter. Further, the government and defendant agreed to stay the civil action pending disposition of the criminal case. Defendant was never forced to defend on "two fronts." *See Arlt,* 33 F.3d at 1217. In fact, quite the opposite occurred.

The Agreement between defendant and the government was neither a hastily drawn contract nor lightly considered. It was entered into only after extended negotiations in which defendant was represented by highly skilled counsel. As a result of that Agreement, defendant received numerous benefits, including incarceration at the low end of the guidelines, dismissal of forfeiture proceedings against the family residence, dismissal of numerous counts in the indictment, and a release from any obligation to cooperate with law enforcement. (Although this latter point resulted in subsequent litigation, defendant prevailed both in this Court and in the Ninth Circuit by claiming reliance on that same Agreement.)

The Agreement, entered in the criminal proceeding only, includes defendant's acknowledgement that facts admitted to in the Agreement would be "binding on him in all future criminal *and civil* proceedings." The Agreement at 4–5 (emphasis added). Those facts included the admission that all of the property to be forfeited "either constitutes the proceeds of drug trafficking, was purchased with the proceeds of drug trafficking, or was used to facilitate drug trafficking." *Id.* at 8. Judge Walker issued the Final Order and Judgment on the forfeiture 6 days after the Agreement was accepted in the criminal proceedings, "based solely upon Singleton's plea in the criminal case." Motion to Set Aside Judgment, C–92–0739–VRW at 3 (Mar. 3, 1995).

Defendant agreed to the forfeiture of certain property as part of the guilty plea that disposed of his criminal matter. He understood that, although he had consented to forfeiture, he would still be criminally sentenced based on his offenses. The forfeiture and other sentencing possibilities, all of which defendant consented to in the *same* plea agreement, constitute a single punishment for defendant's offenses, which punishment was well within the allowable ranges for the offense of conviction. *Witte, supra,* at ——, 115 S.Ct. at 2208. Defendant has not suffered multiple punishments for purposes of double jeopardy analysis.

**C.** *Waiver*

■ Even were the Court to find that defendant has suffered multiple punishments, he has waived any challenge based on double jeopardy grounds. As the Supreme Court stated in *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989):

A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule, foreclose the collateral attack.

*Id.* at 569, 109 S.Ct. at 762.

That inquiry has been fully made and answered in the affirmative here. Additionally, the Supreme Court reached its decision in *Broce* expressly without considering "the degree to which the decision by an accused to enter into a plea *bargain*, which incorporates concessions by the Government, . . . heightens the already substantial interest the Government has in the finality of the plea." *Id.* at 576, 109 S.Ct. at 766. (emphasis in the original).

Under the terms of the Agreement herein, both parties bargained for and received substantial benefits. Plea bargains "are consistent with the requirements of voluntariness and intelligence—because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange." *Mabry v. Johnson,* 467 U.S. 504, 508, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984). Here, the forfeiture of specified property was part of the entire package of sentencing concessions bargained for and obtained by defendant. The Agreement stated that "all promises herein made by each party are made dependent on full performance of the promises made by the other party." The Agreement at 9. It also provided that violation of *any* term of the Agreement by the defendant would leave the United States free to prosecute any and all present or new offenses. *Id.* As in *Ricketts v. Adamson,* 483 U.S. 1, 10, 107 S.Ct. 2680, 2686, 97 L.Ed.2d 1 (1987), the clear terms of the Agreement returned the parties to the *status quo ante* in the event of defendant's breach. As in that case, this Court finds such an agreement to be equivalent to a waiver of any double jeopardy defense.

Further authority for a finding of waiver comes from *United States v. Zavala,* 839 F.2d 523, 528 (9th Cir.1988), wherein the Ninth Circuit held that "[a] defendant may not raise the defense of double jeopardy to a charge on which he expressly agrees to be tried." (citing *Ricketts v. Adamson, supra* ). There is no reason for a different conclusion where the defendant has expressly agreed to a punishment which includes a combination of civil and criminal penalties. "The parties could have struck a different bargain, but permitting the [government] to enforce the agreement the parties actually made does not violate the Double Jeopardy Clause." *Ricketts,* 483 U.S. at 12, 107 S.Ct. at 2687.

Defendant herein has rigorously and rightfully claimed and utilized all of the benefits conferred upon him by the Agreement. There is no reason in law, equity or public policy to deny that same right to the government.

**CONCLUSION**

Because (1) the conviction was the first proceeding in which jeopardy attached; (2)

defendant was not subjected to multiple punishments for the same offense; and (3) the plea agreement between the defendant and the government was equivalent to a waiver of defendant's double jeopardy rights, defendant's § 2255 Motion is hereby DENIED and DISMISSED.

SO ORDERED.