**UNITED STATES of America, Plaintiff,**

v.

**William Patrick FLOYD, Defendant.**

**Nos. CR 92–209–MA, CV 95–5–MA.**

United States District Court,
D. Oregon.

Dec. 1, 1995.

William Patrick Floyd, Sheridan, OR, pro se.

Michael J. Brown, U.S. Attorneys Office, Portland, OR, for U.S.

## ORDER

ROBERT E. JONES, District Judge.

Defendant William Patrick Floyd petitions to vacate his conviction and sentence under 28 U.S.C. § 2255, arguing that his conviction violated the Double Jeopardy Clause. In the alternative, he seeks a reduction in his sentence.

The undisputed facts show that Floyd was convicted in federal court, but that the forfeiture of his van and currency were carried out by the City of Portland, Oregon. Under the doctrine of dual sovereignty, actions by separate sovereigns do not violate the Double Jeopardy Clause. *United States v. Branum,* 872 F.Supp. 801 (D.Or.1994). Floyd has not submitted any evidence which could bring this case within the narrow 'Bartkus' exception to the dual sovereignty doctrine. *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).

In addition, judgment was entered in the state forfeiture on October 5, 1992, after Floyd entered his guilty plea on September 8, 1992. Therefore, jeopardy attached first in the criminal case, and Floyd's conviction did not violate the Double Jeopardy Clause. *United States v. Faber,* 57 F.3d 873, 874 n. 2 (9th Cir.1995).

The only remaining issue is Floyd's alternative request that the court resentence him, granting a downward departure to reflect the forfeiture of his van and currency. This is a matter which is best left to the original sentencing judge. Therefore, I return this case to the Honorable Malcolm F. Marsh for all further proceedings.

Floyd's petition to vacate his conviction pursuant to 28 U.S.C. § 2255 is denied. The case is referred back to the Honorable Mal-

colm F. Marsh for all further proceedings, including the determination of Floyd's request for resentencing.