76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl L. HOXIE, Defendant-Appellant.
 No. 95-35586.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 26, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darryl L. Hoxie, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. He contends the district court erred when it denied his double jeopardy claim. We have jurisdiction pursuant to 28 U.S.C. § 2255. We accept the district court's factual findings unless clearly erroneous and review its conclusions of law de novo. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). We affirm.
 
 
 3
 On July 7, 1993, Hoxie was indicted for solicitation to commit a crime of violence in violation of 18 U.S.C. § 373. On September 1, 1993, the grand jury returned a superseding indictment charging Hoxie with solicitation to commit a crime of violence (Count One), and four counts of using interstate commerce facilities for commission of murder for hire in violation of 18 U.S.C. § 1958 (Counts Two-Five). On November 3, 1993, before any jury was sworn, Hoxie pleaded guilty to Count One of the superseding indictment. The plea agreement, which Hoxie signed, expressly stated that Hoxie was pleading guilty to Count One of the superseding indictment.
 
 
 4
 Hoxie contends his guilty plea to a superseding indictment violated double jeopardy because the original indictment was never dismissed. We disagree. Hoxie was never placed in double jeopardy for jeopardy does not attach until a jury is sworn, Mannes v. Gillespie, 967 F.2d 1310, 1313 (9th Cir.1992), cert. denied, 113 S.Ct. 964 (1993), or the court accepts defendant's plea, United States v. Smith, 912 F.2d 322, 324 (9th Cir.1990).
 
 
 5
 Hoxie contends it was "outrageous" misconduct for the government to fail to dismiss one of the indictments before he entered his guilty plea. We disagree. See United States v. Pacheco, 912 F.2d 297, 305 (9th Cir.1990) (an original indictment remains pending until it is dismissed or until double jeopardy or due process would forbid prosecution under it).
 
 
 6
 As the record conclusively shows that Hoxie is not entitled to relief, the district court did not err when it denied Hoxie's motion without appointing counsel or conducting an evidentiary hearing. See 28 U.S.C. § 2255; see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983).
 
 
 7
 On appeal, Hoxie contends his conviction violated due process because "he was not informed as to which indictment he was pleading to." Because Count One of the original indictment and Count One of the superseding indictment are identical, Hoxie's claim is moot. Consequently, despite Hoxie's failure to raise this claim in district court, we reject this claim as a matter of law. See Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir.1987).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3