78 F.3d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glen Charles STARKWEATHER, Defendant-Appellant.
 No. 95-35635.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1996.*
Decided March 12, 1996.
 
 Before: FLETCHER, NOONAN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glen Charles Starkweather appeals the district court's order denying his motion under 28 U.S.C. § 2255 to vacate his conviction and sentence on double jeopardy grounds. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The timing of the criminal and civil proceedings in this case eliminates any double jeopardy concern. Jeopardy ordinarily attaches in a criminal case when the court accepts the defendant's guilty plea. United States v. Smith, 912 F.2d 322, 324 (9th Cir.1990). Starkweather entered his guilty plea, and the district court accepted it, on July 8, 1991. Jeopardy attaches in a civil forfeiture proceeding, if at all, "no earlier than the date on which the defendant filed an answer to the forfeiture complaint." United States v. Kearns, 61 F.3d 1422, 1428 (9th Cir.1995); see also United States v. Barton, 46 F.3d 51, 52 (9th Cir.1995). It follows that jeopardy does not attach, as Starkweather urges, when the property is first seized, even if unlawfully. Starkweather filed his answer to the government's civil forfeiture complaint on September 30, 1991. Accordingly, because "jeopardy attached first in [Starkweather's] criminal proceeding, that proceeding did not violate the double jeopardy clause and [his] criminal conviction must stand." United States v. Faber, 57 F.3d 873, 874-75 (9th Cir.1995).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3