87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen C. GEHRING, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sharon GEHRING, Defendant-Appellant.
 Nos. 95-35670, 95-35672.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1996.*
Decided June 5, 1996.
 
 Before: LAY,** CHOY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 In September 1990, Jerry McCarty contacted the Spokane County Sheriff's Office concerning a marijuana grow operation at East 8118 Frederick in Spokane, Washington. McCarty admitted to tending a grow operation at that address since November 1988, in exchange for free rent from the owner of the residence, Allen Gehring. A subsequent investigation revealed a conspiracy whereunder Allen and Sharon Gehring rented properties to tenants in exchange for their agreements to set up marijuana grow operations thereupon. At least twelve different Spokane County, Washington properties were involved in the operation.
 
 
 3
 On October 16, 1990, Allen and Sharon Gehring were charged, along with five others, in an 8-Count indictment alleging: (1) Conspiracy to Manufacture Over 1,000 Marijuana Plants, in violation of 21 U.S.C. § 846; (2) Manufacture of Over 100 Marijuana Plants, in violation of 21 U.S.C. § 845(a); (3) Manufacture of Marijuana Plants Within 1,000 Feet of a Public or Private School, in violation of 21 U.S.C. § 845(a); (4) Possession with Intent to Distribute over 100 Marijuana Plants, in violation of 21 U.S.C. § 841(a)(1); (5) & (7) Manufacture of Over 1,000 Marijuana Plants, in violation of 21 U.S.C. § 841(a)(1); (6) & (8) Possession with Intent to Distribute Over 1,000 Marijuana Plants, in violation of 21 U.S.C. § 841(a)(1).
 
 
 4
 On April 1, 1991, pursuant to a plea agreement, Allen Gehring pleaded guilty to Count 1 (Conspiracy to Manufacture Over 1,000 Marijuana Plants) and Count 8 (Possession with Intent to Distribute 1,000 or More Marijuana Plants) of the indictment. He also agreed to forfeit his interest in property involved in the facilitation, manufacture, or distribution of marijuana, and property purchased with proceeds therefrom. In return, the government agreed to dismiss the remaining six counts in the indictment, and to recommend a downward departure from a sentencing range of ten years to life imprisonment to a term of seven years.
 
 
 5
 On the same date, pursuant to a plea agreement, Sharon Gehring pleaded guilty to Count 2 (Manufacture of Over 100 Marijuana Plants), pertaining to marijuana grown between September 21 and 27, 1990 at the Frederick address. She too agreed to forfeit her interest in property involved in the facilitation, manufacture, or distribution of marijuana, and property purchased with proceeds therefrom. In return, the government agreed to dismiss the remaining seven counts, each of which carried higher penalties.
 
 
 6
 The court accepted both pleas in open court on April 1, 1991. On October 25, 1991, both defendants were sentenced. Allen Gehring received a seven-year term of imprisonment, to be followed by a five-year term of supervised release. Sharon Gehring received a five-year term of imprisonment, to be followed by a three-year term of supervised release. Between December 1990 and July 1991, the government initiated civil forfeiture actions against eleven parcels of real property owned by the Gehrings.
 
 
 7
 On January 19, 1995, appellants moved to vacate their convictions on the ground of double jeopardy, pursuant to 28 U.S.C. § 2255. The district court denied both motions orally on May 9, 1995, and filed its written orders on May 10, 1995. They appeal.
 
 
 8
 The Gehrings jointly argue that they were twice punished for the same offense. They note that, for multiple prosecution purposes, where a defendant pleads guilty, jeopardy attaches at the acceptance of the plea. See United States v. Smith, 912 F.2d 322, 324 (9th Cir.1990). They suggest that these different points are irrelevant to a multiple punishment analysis, however, contending that jeopardy did not attach until they began serving their sentences, after the forfeiture proceedings. They rely on United States v. Von Moos, 660 F.2d 748, 749 (9th Cir.1981) (per curiam), which held that "[j]eopardy attaches in the double punishment context when the defendant begins serving the sentence."
 
 
 9
 In United States v. Faber, 57 F.3d 873 (9th Cir.1995), we squarely rejected these arguments, expressly stating that "[j]eopardy ordinarily attaches in a criminal proceeding when the court accepts a plea agreement." Id. at 874. The defendant in Faber entered a plea agreement in which he agreed to forfeit various properties used in the underlying marijuana offenses for which he was convicted. We held that, where jeopardy attaches in the criminal proceeding--from acceptance of the plea--prior to the civil forfeiture proceeding, double jeopardy is not implicated. We distinguished Von Moos as a case that "dealt with the issue of double punishment in the context of deciding whether a convicted criminal could be resentenced and given additional punishment once the original sentence had begun." Faber, 57 F.3d at 874 n. 2. That distinction applies in this case as well. Defendants' pleas, which contained agreements to forfeit their properties, were accepted on April 1, 1991. All consent decrees and final orders of forfeiture were entered after the pleas were accepted and after sentencing began. Here, the charges to which the Gehrings pleaded guilty and the forfeitures contained in their pleas were part of single agreements to resolve their criminal charges, and it is well established that a single prosecution may seek multiple punishments without violating double jeopardy. See Ohio v. Johnson, 467 U.S. 493, 500 (1984).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3