**UNITED STATES of America, Plaintiff,**

v.

**Joseph J. BLUMBERG, Defendant.**

**Nos. CR 90–167–FR, CV 95–250–FR.**

United States District Court,
D. Oregon.

Sept. 20, 1995.

Kristine Olson, United States Attorney, District of Oregon, Leslie J. Westphal, Assistant United States Attorney, Portland, OR, for Plaintiff.

Brown & Truesdell, Stuart M. Brown, Portland, OR, Markham & Read, John J.E. Markham, II, Elizabeth Read, San Francisco, CA, for Defendant/Petitioner.

ROBERT E. JONES, District Judge.

■ Defendant Joseph J. Blumberg petitions to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 on the grounds of double jeopardy. After considering the evidence and arguments presented by the parties, I conclude that the petition must be denied.

## FACTS

### 1. *The Criminal Case*

Blumberg became one of the subjects of an investigation of a cocaine trafficking ring in operation from 1984 through 1987. On April 12, 1990, a federal criminal complaint was filed which charged Blumberg with possession of cocaine with the intent to distribute. Blumberg was arrested on April 17, 1990. On June 13, 1990, a federal grand jury indictment issued which charged Blumberg with three counts of cocaine trafficking and three counts of filing a false tax return.

Blumberg's criminal trial commenced before a jury on July 31, 1990. On August 2, 1990, the third day of trial, Blumberg waived the jury and stipulated to a court trial on Counts 1 and 5 of the indictment. As amended by stipulation, Count 1 alleged that between August 1 and October 1, 1987, Blumberg possessed 5 or more kilograms of cocaine with the intent to distribute within 1,000 feet of a school. Count 5 alleged that Blumberg made a false 1986 federal income tax return. After the proffer of additional government evidence, the court found Blumberg guilty on Counts 1 and 5. In November 1990 Blumberg was sentenced to 20 years in prison, with a concurrent three year sentence on the tax count. In May 1992, the court granted Blumberg's motion for reduction of sentence, reducing the sentence on the drug charge from 20 to 15 years.

### 2. *The Civil Forfeiture Proceedings*

The United States filed three civil forfeiture actions against property seized from Blumberg. On April 11, 1990, the United States filed *United States v. All Right, Title and Interest of Joseph J. Blumberg, etc.,* CV90–335–BE, seeking to forfeit Blumberg's rights under promissory notes, trust deeds and contracts of sale pertaining to nine pieces of real property. Blumberg filed a claim on April 23, 1990, and an answer on May 11, 1990. On July 30, 1990, a stipulation and order were entered which stayed the civil forfeiture action until September 1, 1990. A settlement agreement was filed on October 30, 1990, and a final judgment of forfeiture was entered on November 9, 1990.

On April 12, 1990, the United States filed *United States v. 3151 N.E. Sandy Blvd.,* CV90–341–BE, seeking to forfeit a piece of real property located in Portland, Oregon. Blumberg filed a claim on April 23, 1990, and an answer on May 11, 1990. On May 18, 1990, the parties filed a stipulated motion for leave to sell the defendant property and substitute the proceeds as the res in the forfeiture action. Pursuant to this stipulation, the court entered an order of sale on May 23, 1990. On June 25, 1990, the court granted a stipulated order staying the proceedings until September 1, 1990. On October 30, 1990, a settlement agreement was filed, and a final judgment of forfeiture was entered on November 9, 1990. On July 31, 1990, the United States filed *United States v. $5,589 in United States Currency, et al.,* CV90–771–BE, seeking the forfeiture of currency and jewelry. Blumberg filed a claim on August 27, 1990, and an answer on August 31, 1990. On October 30, 1990, a settlement agreement was filed, and a final judgment of forfeiture was entered on November 9, 1990, ordering that the $5,589 in currency be forfeited to the United States and that the jewelry be returned to Blumberg.

## DISCUSSION

Blumberg contends that jeopardy attached in one or more of the civil forfeiture actions before jeopardy attached in his criminal case, so that his criminal conviction and sentence were barred by the Double Jeopardy Clause under *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), *amended on denial of reh'g,* 56 F.3d 41 (1995). Thus, it is necessary to determine when jeopardy attached in the criminal and civil cases.

Blumberg argues that under the standard set out in *United States v. Von Moos,* 660

F.2d 748, 749 (9th Cir.1981), jeopardy did not attach in the criminal case until he began serving his sentence. I rejected a similar argument in *United States v. Stanwood*, 872 F.Supp. 791 (D.Or.1994), noting that in *$405,-089.23*, the Ninth Circuit treated the case as one involving successive prosecutions, not double punishment. Although the Ninth Circuit has sometimes used the term punishment rather loosely in its decisions following *$405,089.23*, it appears that the Ninth Circuit does not intend to apply the *Von Moos* standard in analyzing double jeopardy issues involving civil forfeiture proceedings. In *United States v. Faber*, 57 F.3d 873, 874 n. 2 (9th Cir.1995), the court held that jeopardy attached when the defendant entered his guilty plea, noting that *Von Moos* was not applicable. In *United States v. Kearns*, 61 F.3d 1422 (9th Cir.1995), the court held that when a criminal case goes to trial jeopardy attaches when the jury is empaneled and sworn.

As in *Kearns*, Blumberg's criminal case went to trial. The jury was sworn and empaneled on July 31, 1990. Jeopardy attached in Blumberg's criminal case at that time. The fact that on the third day of trial Blumberg decided to waive his right to a jury trial and proceed before the court does not change the date when jeopardy attached. *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062–63, 43 L.Ed.2d 265 (1975) (jeopardy attached when the jury was empaneled and sworn, even though the jury was discharged before trial). The result would be the same if the trial had been to the court from the outset, because jeopardy attaches in a court trial when the court begins to hear evidence. *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062–63, 43 L.Ed.2d 265 (1975).

Blumberg argues that it is inconsistent to find that jeopardy attaches in a civil forfeiture case at the time of final judgment, but that jeopardy attaches in a criminal case at the time when a plea is entered. Blumberg contends that it would be more consistent to rule that jeopardy attaches in a civil forfeiture proceeding when property is first seized and the claimant is forced to defend his property interest. However, this rule would promote consistency only if jeopardy attached in criminal cases at the time when a defendant is first charged and must begin to defend himself. As discussed above, this is not the rule applied in criminal cases. *United States v. Faber*, 57 F.3d at 874 n. 2.

Moreover, I do not find any essential inconsistency between the standards to be applied in determining the attachment of jeopardy in civil forfeiture and criminal proceedings. If a case goes to trial, whether a criminal case or civil forfeiture, jeopardy attaches when the jury is empaneled or the court begins to take evidence. In cases where there is no trial a different rule applies. It is well established that jeopardy attaches when the court accepts a plea agreement by a criminal defendant. *Faber*, 57 F.3d at 874. However, in a civil forfeiture proceeding there is no equivalent to a plea hearing. In the absence of definitive guidance from the Ninth Circuit, I stand by the rule that unless a civil forfeiture case goes to trial jeopardy attaches when a final judgment is entered. *Stanwood*, 872 F.Supp. at 798. In the present case, final judgment was entered in all three civil forfeiture actions on November 9, 1990, several months after jeopardy attached in the criminal case.

Blumberg argues that even if the *Stanwood* rule applies to the other forfeitures, there are special facts in regard to the forfeiture of 3151 N.E. Sandy Boulevard that would make it inequitable to apply the *Stanwood* rule. Blumberg contends that jeopardy should be deemed to attach on June 6, 1990, when he quitclaimed his interest in 3151 N.E. Sandy Boulevard to the United States, so that it could be sold to a third party. Blumberg argues that the forfeiture occurred on that date, because he lost his interest in the property at that time.

However, this argument elevates form over substance. Blumberg conveniently ignores the fact that the proceeds of the sale were substituted for the real property, and that he retained his right to assert his claim to the substituted res. Blumberg also ignores the fact that he stipulated to the sale of the property and the substitution of the res. Given the undisputed facts shown in the record, I do not find that the substitution of

money for real property as the res to be forfeited should change the time when jeopardy attached in the civil forfeiture case.[1]

Accordingly, I find that jeopardy attached in the criminal case on July 31, 1990, when the jury was empaneled and sworn. I find that jeopardy attached in all three of the civil forfeiture cases on November 9, 1990, when final judgments of forfeiture were entered. Therefore, Blumberg's criminal conviction did not violate the Double Jeopardy Clause.

## CONCLUSION

For the reasons stated above, I conclude that jeopardy attached in the civil forfeiture cases after jeopardy attached in the criminal case. Therefore, Blumberg's criminal conviction did not violate the Double Jeopardy Clause. The petition for relief pursuant to 28 U.S.C. § 2255 is denied and this case is dismissed.

---

**1.** Blumberg and the United States give differing versions of the facts leading to the substitution of the res, with suggestions by Blumberg that the sale price was inequitable and that he was subjected to pressure. I note that Blumberg was represented by counsel at the time, and that his counsel signed the stipulated motion for sale, which stated that the sale was in the best interest of all parties, setting out the terms of the sale. Thus, I am satisfied that no further evidentiary inquiry need be undertaken on this matter.