UNITED STATES of America, Plaintiff,

v.

Warde Bradley THOMPSON, Defendant.

Nos. CR 91–60122–HO, CV 95–6055–HO.

United States District Court,
D.Oregon.

Dec. 1, 1995.

Kristine Olson, United States Attorney, District of Oregon, Leslie J. Westphal, Assistant United States Attorney, Portland, for Plaintiff.

Shaun S. McCrea, McCrea, P.C., Eugene, OR, for Defendant.

ROBERT E. JONES, Judge:

Defendant Warde Bradley Thompson moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, on the grounds of double jeopardy. For the reasons stated below, the petition is denied.

## BACKGROUND

On May 14, 1991, federal officers executed a search warrant at Thompson's residence located at 2640 Devils Knob Road, Tiller, Oregon. The officers discovered several hundred growing marijuana plants, over a dozen firearms, over $6,000 in cash, a hidden room containing a large quantity of processed marijuana, and equipment used in processing marijuana. On June 16, 1991, an indictment was returned by a federal grand jury, charging Thompson with manufacturing and possession of marijuana with the intent to distribute. On December 9, 1991, Thompson entered a plea of guilty to Count 1 of the indictment, which included criminal forfeiture allegations against two pieces of real property, one of them the property at 2640 Devils Knob Road. On February 24, 1992, Thompson was sentenced to 78 months in prison. The sentencing order did not refer to any forfeiture.

On June 25, 1991, the United States filed a civil forfeiture action against the property at 2640 Devils Knob Road, pursuant to 21 U.S.C. § 881(a)(7). Thompson filed a claim in the civil forfeiture action. On June 26, 1992, the parties in the civil forfeiture action filed a stipulation for the sale of the residence and substitution of the proceeds as the *res.* On August 13, 1993, a final judgment of forfeiture was entered against the real property.

## DISCUSSION

Thompson contends that his conviction violated the Double Jeopardy Clause because it occurred after jeopardy had attached in the civil forfeiture proceedings. Thompson contends that jeopardy attached on three possible dates, all occurring before jeopardy attached in the criminal case: 1) In May 1991, when the real property became forfeitable because it was used to grow marijuana; 2) In June or July 1991, when the notice of *lis pendens* was filed in the civil forfeiture action and Thompson entered into an occupancy agreement; or 3) On December 9, 1991, when Thompson entered his guilty plea. Thompson contends that the earliest date when jeopardy could have attached in the criminal case was December 9, 1991.

I have rejected the argument that jeopardy should be deemed to attach in a civil forfeiture case as of the date when the property becomes forfeitable. *United States v. Stanwood,* 872 F.Supp. 791 (D.Or.1994). I also reject the argument that jeopardy attaches when property is first seized, or when the claimant's ability to control the property is affected by a *lis pendens* or occupancy agreement. *United States v. Blumberg,* 903 F.Supp. 33 (D.Or., 1995). No further discussion is required as to these contentions.

As to the contention that jeopardy attached when Thompson agreed to forfeit property as part of his plea agreement, the evidence is ambiguous. The United States' plea offer refers to the forfeiture of real estate, but does not mention the civil forfeiture action. No mention was made of forfeiture at the time of sentencing, and Thompson agrees that no criminal forfeiture occurred. The civil forfeiture action involved only one of the properties named in the indictment, and judgment was not entered until August 1993, almost two years after Thompson entered his guilty plea. The implication of this evidence is that the plea agreement referred to the criminal forfeiture allegations and did not dispose of the civil forfeiture case.

However, even assuming that Thompson and the United States agreed to a settlement of the civil forfeiture action before Thompson entered his guilty plea, that agreement would not, in itself, cause jeopardy to attach in the civil forfeiture case. As stated in *Stanwood,* an agreement to relinquish property does not erase a claimant's interest in the property. This occurs only when the court enters a final judgment of forfeiture. 872 F.Supp. 791. I stand by my previous rulings that where a civil forfeiture case does not go to trial jeopardy attaches at the time of final judgment. *Blumberg,* 903 F.Supp. 33.

It is clear that jeopardy attached in the criminal case on December 9, 1991, when Thompson's plea was accepted by the court. This date came long before final judgment was entered in the civil forfeiture case on August 13, 1993. Therefore, Thompson's conviction did not violate the Double Jeopardy Clause.

### CONCLUSION

Thompson's petition to vacate his conviction and sentence is denied, and the petition is dismissed.

### ORDER

Defendant Warde Bradley Thompson moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, on the grounds of double jeopardy. After considering the evidence and arguments presented by the parties I conclude that Thompson's conviction did not violate the Double Jeopardy Clause. The petition to vacate conviction and sentence is denied, and the petition is hereby dismissed.