108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco ALVARADO, Defendant-Appellant.
 No. 96-50189.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1997.*
Decided Feb. 18, 1997.
 
 1
 Before: D.W. NELSON and TROTT, Circuit Judges, and BRYAN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Francisco Alvarado appeals the district court's denial of his motion to dismiss an indictment charging him with conspiracy and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. Alvarado contends that the Double Jeopardy Clause bars the charges against him because, during prior civil forfeiture proceedings, the government had: 1) recorded a lis pendens against Alvarado's house; and 2) entered into a stipulation with the lender permitting a foreclosure sale.
 
 
 4
 The district court's denial of a motion to dismiss on double jeopardy grounds is reviewed de novo. United States v. Wright, 79 F.3d 112, 114 (9th Cir.1996). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 5
 Recently, the Supreme Court unambiguously declared that "in rem civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." United States v. Ursery, 116 S.Ct. 2135, 2149 (1996). Thus, as Alvarado concedes, the forfeiture action against his house did not constitute punishment for purposes of the Double Jeopardy Clause.
 
 
 6
 Notwithstanding the above, Alvarado contends he was punished because of the manner in which the government pursued the forfeiture action against his property. Alvarado first notes that the government was aware that the lis pendens prevented the transfer of clear title. While this may be true, it does nothing to prove that the government intended to punish Alvarado by filing the lis pendens. A lis pendens is simply a notice to potential purchasers that a claim has been made to the property. Cal.Civ.Proc.Code §§ 405.2, 405.20. The government was merely protecting its potential interest in the property by filing the lis pendens. It would be illogical to conclude that, while forfeiture itself is not punishment, filing notice of a potential forfeiture claim may constitute punishment. Thus, the district court correctly determined that as a matter of law, a lis pendens is not a punishment or an adjudication of anything. See United States v. Thompson, 911 F.Supp. 451, 452 (D.Or.1995) (rejecting "argument that jeopardy attaches when property is first seized, or when the claimant's ability to control the property is affected by a lis pendens or occupancy agreement").
 
 
 7
 Alvarado next contends that the government's conduct was punitive because the government sent a letter threatening the lender with civil and penal consequences if the lender held a foreclosure sale. The record, however, does not support Alvarado's argument. The Assistant United States Attorney who sent the letter testified that sending such a letter was standard procedure. The government was merely protecting its interest in the forfeitable property.
 
 
 8
 Finally, Alvarado argues that the lender was a "state actor" when it foreclosed on the property, thus punishing him for purposes of double jeopardy. Regardless of whether the lender was or was not a state actor, its conduct did not punish Alvarado. The lender simply exercised its contractual rights to foreclose on Alvarado's property. Moreover, Alvarado admits that the lender foreclosed because Alvarado stopped making mortgage payments on the house. The district court therefore correctly concluded that Alvarado was not punished by the lender.
 
 
 9
 For the above reasons, the district court's denial of Alvarado's motion to dismiss the indictment is affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3