UNITED STATES of America, Plaintiff–Appellee,

v.

Duane B. McCASLIN, Defendant–Appellant.

No. 91–30302.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 3, 1992.

Decided March 13, 1992.

---

Jeffrey Steinborn, Seattle, Wash., for defendant-appellant.

Kathleen A. Felton, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Kimberly C. Harris of Meadows, Owens, Collier, Reed and Cogins, Dallas, Tex., amicus curiae for defendant-appellant.

Before HUG, NOONAN and THOMPSON, Circuit Judges.

NOONAN, Circuit Judge:

Duane B. McCaslin appeals an order of the district court denying his motion to dismiss the indictment against him on the grounds of double jeopardy. We affirm the denial of his motion to dismiss and thereby also affirm his conviction on drug charges.

## BACKGROUND

On September 27, 1989 the United States filed a complaint alleging that real property identified as 21234 S.E. 271 St. S., Kent, King County, Washington was subject to seizure and forfeiture pursuant to 21 U.S.C. § 881(a)(7) because the property had been used to grow marijuana. McCaslin opposed the complaint, but ultimately consented to it. Judgment was entered forfeiting the property to the United States with provision for payment to Fleet Real Estate Funding Corporation of its interest as a mortgagee of $69,910. It is McCaslin's position that he had an equity of $30,000 in the property that was forfeited.

On June 20, 1990 McCaslin was indicted on charges of maintaining the same property, 21234 S.E. 271 St. S., Kent, Washington, for the purpose of manufacturing, through propagation, marijuana in violation of 21 U.S.C. § 812; of intentionally manufacturing, through propagation, marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1); and of intentionally possessing marijuana in violation of the same statutes. Prior to trial, he moved to dismiss on the grounds of double jeopardy. The motion was denied, and he was convicted. He now appeals, asserting that his motion should have been granted.

## ANALYSIS

McCaslin's reliance is on *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), which he asserts has breathed new life into the Double Jeopardy Clause. The Clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amend V. McCaslin misunderstands the thrust of *Halper*.

*Halper* held "that under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." *Id.* at 448–49, 109 S.Ct. at 1902. The Court was careful to point out that the rule it announced would apply only in the "rare case" where "a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has

caused." *Id.* at 449, 109 S.Ct. at 1902. If, in fact, the accounting shows that the application is punitive, the prohibition of the Double Jeopardy Clause against multiple punishments kicks in. *Id.* at 450, 109 S.Ct. at 1902–03.

*Halper* has no application to the very ancient practice by which instrumentalities of a crime may be declared forfeit to the government. The forfeiture of such instrumentalities is " 'independent of, and wholly unaffected by any criminal proceeding *in personam.'* " *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 684, 94 S.Ct. 2080, 2092, 40 L.Ed.2d 452 (1974), quoting *The Palmyra*, 25 U.S. (12 Wheat.) 1, 14–15, 6 L.Ed. 531 (1827).

In such forfeitures there is no necessary relation between the value of the property forfeited and the loss to the government, nor is there any necessary proportion between the value of the property forfeited and the criminal use of the property. In *Calero–Toledo* itself, for example, one marijuana cigarette discovered on a pleasure yacht led to the forfeiture of the entire yacht. *See id.* 416 U.S. at 693, 94 S.Ct. at 2096–97 (dissenting opinion). The proceeding is directed against the property and not at an individual. It may, as in *Calero–Toledo*, lead to a person not criminally liable losing his property. Double jeopardy has no application. *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 366, 104 S.Ct. 1099, 1105–06, 79 L.Ed.2d 361 (1984); *United States v. A Parcel of Land with a Bldg. Thereon*, 884 F.2d 41 (1st Cir.1989); *United States v. Certain Real Property and Premises Known as 38 Whalers Cove Drive, Babylon, New York*, 954 F.2d 29 (2d Cir.1992).

AFFIRMED.