26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
$1,020,378.05 U.S. CURRENCY, Defendant
Robert L. Chesney, Claimant-Appellant.
 No. 93-55235.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 19, 1994.
 
 Before HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Claimant Robert L. Chesney appeals pro se the district court's summary judgment in favor of the United States in the government's civil forfeiture action pursuant to 18 U.S.C. Sec. 981(a)(1)(A). Chesney contends the forfeiture penalty is excessive and barred by the Double Jeopardy Clause, and that he was improperly denied court-appointed counsel. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 A. Summary Judgment
 
 3
 We review de novo a district court's grant of summary judgment. United States v. 56-Foot Yacht Named Tahuna, 702 F.2d 1276, 1280 (9th Cir.1983). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); United States v. One Parcel of Real Property, Lot 4, Block 5 of Eaton Acres, 904 F.2d 487, 490 (9th Cir.1990). To raise a genuine issue of fact, the nonmoving party must produce evidence on which a reasonable factfinder could find in his favor, in light of the evidentiary burden the law places on him. One Parcel of Real Property, 904 F.2d at 490. Although we normally view factual inferences in the light most favorable to the nonmoving party, "it may be unreasonable to draw an inference contrary to the movant's interpretation of the facts where overwhelming evidences favors the moving party and the party opposing summary judgment fails to produce any significant evidence to combat summary judgment." United States v. 1980 Red Ferrari, 827 F.2d 477, 479, 480 n. 3 (9th Cir.1987).
 
 
 4
 The government brought this action pursuant to 18 U.S.C. Sec. 981(a)(1)(A), which authorizes it to seize any property "involved in" a violation of 18 U.S.C. Sec. 1956, the money laundering statute, or traceable to such property. In a forfeiture proceeding under section 981, the government must show probable cause to believe that the defendant property was involved in a specified illegal activity; once it has done so, the burden shifts to the claimant to refute the government's showing. See 18 U.S.C. Sec. 981(d) (making 19 U.S.C. Sec. 1615, setting forth burden of proof in forfeiture proceedings under the customs laws, applicable to proceedings under this section); see also United States v. One 1985 Mercedes, 917 F.2d 415, 419 (9th Cir.1990); One Parcel of Real Property, 904 F.2d at 490-91 (discussing burden of proof in forfeiture proceedings under 21 U.S.C. Sec. 881); accord United States v. Oldsmobile Cutlass Supreme, 983 F.2d 670, 675 (5th Cir.1993) (applying same standard and burden of proof in forfeiture action under 18 U.S.C. Sec. 981(a)(1)(A)).
 
 
 5
 Here, the government introduced ample evidence to establish probable cause to believe that the seized property, consisting of bank and investment fund accounts containing over $1 million, was subject to forfeiture because it had been involved in money laundering. The government produced evidence that Chesney, who is deaf and has received social security disability benefits since 1982, had fraudulently obtained social security benefits under 29 different aliases and transferred those funds to accounts he held under other aliases, resulting in his convictions for nine counts of conversion of public money, nine counts of submitting false documents to the government, and two counts of money laundering.
 
 
 6
 In opposition to the government's motion for summary judgment Chesney submitted an affidavit in which he admitted these facts, and conceded that about $428,000 of the defendant funds "belong to the government." The rest of the seized funds, Chesney argued, were not subject to forfeiture because they came from legitimate sources: payments received as a result of a settlement, disability and workers' compensation benefits, and income earned by peddling keychains and "lucky charms" for many years. Chesney produced no evidence to support these claims.[1] Moreover, his statement concerning earned income contradicted his earlier testimony that since 1982, his only regular income had been his social security benefits.
 
 
 7
 The government determined that Chesney had received $225,000 as the result of a settlement, and did not contest the return of those funds. As for the disputed funds, amounting to nearly $800,000.00, Chesney's affidavit failed to create a genuine issue of material fact about whether they were subject to forfeiture because no rational trier of fact could have found that Chesney accumulated nearly $400,000 by saving his disability benefits and earnings from peddling novelties. Compare 1980 Red Ferrari, 827 F.2d 477, 480, 480 n. 3 (9th Cir.1987) (claimant failed to create triable issue by presenting only his own "incredible and contradictory" deposition testimony) with One Parcel of Real Property, 904 F.2d at 492 (claimant created triable issue of fact by offering a precise and detailed affidavit that a rational trier of fact could have found credible).
 
 
 8
 Chesney also argues that he lacked the criminal intent required to convict him of conversion, mail fraud, and money laundering. The issue of Chesney's intent was conclusively resolved by his criminal conviction. See United States v. Chesney, 10 F.3d 641 (9th Cir.1993), cert. denied, 114 S.Ct. 1414 (1994). Chesney may not relitigate this issue in this forum. See United States v. Real Property Located at Section 18, 976 F.2d 515, 518 (9th Cir.1992).
 
 
 9
 Because Chesney failed to raise a genuine issue of material fact, the district court properly granted summary judgment. See 1980 Red Ferrari, 827 F.2d at 480.
 
 B. Double Jeopardy and Excessive Sanction
 
 10
 Chesney also contends the forfeiture sanction is punishment and its imposition after he was sentenced in a criminal proceeding violates the Double Jeopardy Clause. Imposition of a civil forfeiture sanction after a defendant has been punished in a criminal proceeding does not violate double jeopardy unless the second sanction "may not fairly be characterized as remedial, but only as deterrent or retribution" and only in the "rare case" where a statutory fixed-penalty provision would result in a sanction "overwhelmingly disproportionate to the damages caused" by the claimant and "bears no rational relation to the goal of compensating the government for its loss." United States v. Halper, 490 U.S. 435, 449 (1989); see also United States v. McCaslin, 959 F.2d 786, 787-88 (9th Cir.), cert. denied, 113 S.Ct. 382 (1992).
 
 
 11
 Given Chesney's admission that $428,000 of the seized funds belong to the government, forfeiture of $795,378.50 is not overwhelmingly disproportionate to the damage caused by his conduct or without any rational relation to the government's losses. Halper, 490 U.S. at 449. Furthermore, Chesney produced no evidence to rebut the overwhelming evidence showing that the entirety of the seized funds were subject to forfeiture because they were involved in laundering the illegally obtained benefits. Double jeopardy does not bar forfeiture of property where, as here, the property seized is an "instrumentality of a crime." See McCaslin, 959 F.2d at 787-88.
 
 
 12
 In light of the substantial sums Chesney fraudulently obtained from the government, the forfeiture sanction is not excessive. See United States v. Austin, 113 S.Ct. 2801, 2812 (forfeiture of conveyances and real property used in drug trafficking crimes, pursuant to 21 U.S.C. Sec. 881(a)(4), (a)(7), is a form of punishment and, as such, is subject to the limitations of the Excessive Fines Clause of the Eighth Amendment).
 
 C. Appointment of Counsel
 
 13
 We review for abuse of discretion the denial of a request for appointment of counsel. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). Chesney had no constitutional right to counsel in this forfeiture proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (constitutional right to appointed counsel in criminal proceedings "extends only to the first appeal of right, and no further"); United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir.1986) (no constitutional right to counsel in civil proceedings generally). Because this case does not present exceptional circumstances warranting discretionary appointment of counsel pursuant to 28 U.S.C. Sec. 1915(d), the district court did not abuse its discretion by failing to appoint counsel in this case. See 30.64 Acres of Land, 795 F.2d at 800.
 
 D. Discovery
 
 14
 We review for abuse of discretion the denial of a request for an extension of time to conduct discovery, and other discovery rulings. Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991); United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.), cert. denied, 113 S.Ct. 290 (1992). The district court did not abuse its discretion by denying Chesney's motion to dismiss the case or grant summary judgment based on the government's alleged failure to produce documents. See Bourgeois, 964 F.2d at 937. Nor did the court, which did grant a three-month extension of the discovery cutoff date, abuse its discretion by denying Chesney's request for a further extension of time to conduct discovery, because Chesney failed to meet his burden of showing what facts he hoped to discover that might raise a triable issue of fact. See Duty Free Shoppers, 940 F.2d at 1276.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Chesney contends he could not produce any evidence because the government seized his financial papers and refused to make copies of them or to make them available for copying. See below, Part D. Because Chesney never articulated any facts or described any evidence that could raise a triable issue, this claim does not warrant reversal