**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roy L. BARTON, Defendant–Appellant.**

No. 94–35109.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 1994 *.

Decided Jan. 20, 1995.

As Amended March 9, 1995.

Gerald R. Smith, Office of Public Defender, Spokane, WA, for defendant-appellant.

Donald E. Kresse, Asst. U.S. Atty., Yakima, WA, for plaintiff-appellee.

Before NOONAN, O'SCANNLAIN and LEAVY, Circuit Judges.

NOONAN, Circuit Judge:

Roy L. Barton brought a motion to vacate his sentence challenging his conviction of violation of 21 U.S.C. § 841(a)(1) by manufacturing over 100 marijuana plants. He contended that the conviction was in violation of the Double Jeopardy Clause of the Constitution. The district court denied his petition. We affirm the district court.

### PROCEEDINGS

The critical dates are as follows:

On January 4, 1992 Barton was indicted on two counts charging violation of 21 U.S.C. § 841(a)(1).

On February 20, 1992 the United States filed a complaint for forfeiture of real property used in connection with the manufacture of marijuana plants. On March 20, 1992 this complaint was served on Barton.

On April 6, 1992 Barton entered into a plea agreement by which he pleaded guilty to count 1 of the indictment charging him with violation of 21 U.S.C. § 841(a)(1).

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App.P. 34(a) and 9th Cir. Rule 34–4.

On April 21, 1992 Barton filed a claim in answer to the complaint seeking forfeiture of the property.

On July 17, 1992 Barton was sentenced to a prison term of two years and nine months for the violation of § 841(a)(1) to which he had pleaded guilty.

On July 24, 1992 the United States filed a complaint for forfeiture against $15,836.61 U.S. Currency belonging to Barton.

On January 20, 1993 the district court granted the United States' motion for judgment against the property, forfeiting Barton's interest therein.

On May 26, 1993 by a stipulation and compromise settlement Barton agreed to forfeit the $15,836.61 of currency which the government had sought to forfeit. On June 10, 1993 judgment was entered on this compromise.

On June 15, 1993 the Ninth Circuit affirmed Barton's conviction and sentence and on August 13, 1993 denied his motion for rehearing. *See United States v. Barton,* 995 F.2d 931 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 413, 126 L.Ed.2d 359 (1993).

On November 17, 1993 Barton filed a motion under 28 U.S.C. § 2255 seeking vacation of his sentence on the ground that incarceration would constitute double jeopardy because he had already been punished by the forfeitures. The district court heard argument January 12, 1994 and denied the motion on January 18, 1994.

Barton appeals the denial of the motion to vacate.

### ANALYSIS

Barton contends that the Double Jeopardy Clause protects against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). This court has held that once convicted in a criminal case, a defendant cannot subsequently be punished in a civil forfeiture action based on the same violations of law. *United States v. $405,-*

*089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir. 1994). Barton adds that although the forfeiture proceedings against his property were denominated "civil" the forfeitures were in fact punitive, citing *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), so that he was punished by them and should not be doubly punished by imprisonment.

Barton has put together a set of authorities to make a superficially plausible case. The case does not withstand examination. He was indicted, agreed to plead guilty and was sentenced to imprisonment before the civil proceedings against the real estate and currency were completed. The earliest that jeopardy could have attached to the civil proceedings was on April 21, 1992 when Barton filed his answer to the forfeiture complaint. Because Barton had already pleaded guilty to the criminal charges, that criminal conviction is not now subject to a double jeopardy attack by virtue of the subsequent civil proceedings.

Accordingly, the judgment of the district court is AFFIRMED.