**Jose Luis GARCIA, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

Nos. C–95–2782, CR–90–0168.

United States District Court,
N.D. California.

Jan. 18, 1996.

William L. Osterhoudt, Osterhoudt Law Offices, San Francisco, California, for Petitioner.

Jeffrey Bornstein, Assistant United States Attorney, U.S. Attorney's Office, San Francisco, California, for the Government.

## ORDER

JENSEN, District Judge.

On November 29, 1995, the Court heard arguments on Jose Garcia's motion under 28 U.S.C. § 2255 to vacate his conviction and sentence on grounds of a violation of double jeopardy. Having considered the arguments of counsel and the papers submitted, for three separate reasons the Court hereby DENIES petitioner's motion.

## I. BACKGROUND

A. *Factual Background and Procedural History*

Jose Luis Garcia, an inmate of the Federal Bureau of Prisons presently incarcerated in Florence, Colorado, filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence on the grounds of a violation of double jeopardy.

On or about March 28, 1990, Garcia was arrested and charged with conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (CR 90–0168 DLJ). At the time of his arrest, his Mercedes Benz was also seized by federal agents.

On June 1, 1990, a superseding indictment was returned against defendant alleging eight related charges: conducting a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848 (count 1); conspiring to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (count 2); possessing cocaine for distribution and distributing cocaine in violation of 21 U.S.C. § 841(a)(1) (counts 3, 4, 5 & 7); using a communication facility to further a cocaine offense in violation of 21 U.S.C. § 843(b) (count 6); and laundering money in violation of 18 U.S.C. § 1956(a)(1)(B)(I) (count 8).

On or about July 18, 1990, the United States filed a forfeiture complaint against Garcia's Mercedes Benz, alleging that the car was purchased with proceeds obtained from drug transactions in violation of 21 U.S.C. §§ 841(a)(1), 846 & 848 (C 90–2010). On August 6, 1990, Garcia filed an answer to the complaint. On October 30, 1990, Garcia entered into a stipulation with the United States for forfeiture of the automobile. Pursuant to the stipulation, the Court entered a Judgment and Final Order of Forfeiture on November 15, 1990.

Trial commenced on the criminal charges on September 10, 1990 and the jury was empaneled on September 14, 1994. On October 10, 1990, the jury returned a verdict of guilty on Counts 1, 2, 3, 4, 5, 6 and 8. The jury announced that it was unable to reach a

verdict on Count 7. On March 6, 1991, the court sentenced Garcia to 300 months on the CCE count and to various concurrent prison sentences on the remaining offenses of conviction. Formal judgment was entered on March 11, 1991. On April 27, 1993, the conviction and sentence was affirmed on appeal.

Citing the Ninth Circuit's decision in *United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (1994), *amended*, 56 F.3d 41 (9th Cir.1995) ("*405*"),[1] petitioner contends that his sentence in the criminal case constitutes double jeopardy because he had previously been punished for the same offenses and conduct by means of the civil forfeiture of his automobile. After a preliminary review of the petition under Rule 4 of the § 2255 rules, the court ordered the government to show cause why the petition should not be granted.

## II. ARGUMENTS

A. *Is $405,089.23 Applicable on Collateral Review?*

### 1. Legal Standard

 The United States argues that *405* cannot be applied retroactively on habeas to bar Garcia's criminal conviction on double jeopardy grounds. Under *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 1075, 103 L.Ed.2d 334 (1989), when a case establishes a "new constitutional rule," that rule cannot be retroactively applied on collateral review. The *Teague* decision was premised upon the idea that "it is sounder, in adjudicating habeas petitions, generally to apply the law prevailing at the time a conviction became final than it is to seek to dispose of [habeas] cases on the basis of intervening changes in constitutional interpretation." *Id.*, at 309, 109 S.Ct. at 1075.

 The *Teague* Court defined a "new rule" as one which "was not dictated by precedent existing at the time the defendant's conviction became final." Since that time, the Court has expanded the definition of "new rule" to include a decision which

---

1. The United States Supreme Court has recently granted certiorari to review the *405* decision and will hear the case this term. *See United States v.* *Guy Jerome Ursery; United States v. $405,089.23, etc., et. al.,* —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996).

reaches a result which is "susceptible to debate among reasonable minds." *Butler v. McKellar,* 494 U.S. 407, 417, 110 S.Ct. 1212, 1217, 108 L.Ed.2d 347 (1990). Accordingly, *405* may be applied on collateral review of Garcia's criminal conviction only if this Court determines that, at the time Garcia's conviction became final, the rule announced in *405* was not a "new rule" because it was not "susceptible to debate among reasonable minds."

### 2. Did $405,089.23 Announce a New Rule?

■ In *405*, the Ninth Circuit found "inescapable" the conclusion that "civil forfeiture ... constitutes 'punishment' which triggers the protections of the Double Jeopardy Clause." *405*, 33 F.3d at 1219. "[I]n light of the [Supreme Court's] decision in *Austin*, and applying the [Supreme Court's] *Halper* test here, we find the conclusion inescapable that civil forfeiture ... constitutes 'punishment' which triggers the protections of the Double Jeopardy Clause." *Id.*

■ Despite the Ninth Circuit's language in its 1995 ruling, this Court concludes that *405* established a "new rule" within the meaning of *Teague.*[2] In *Butler*, the Supreme Court ruled that "the fact that a court says its decision is within the 'logical compass' of an earlier decision, or indeed that it is 'controlled' by a prior decision, is not conclusive for purposes of deciding whether the current decision is a 'new rule' under *Teague.*" *Id.* at 1217. Instead, the *Butler* Court focused on whether there existed a "significant difference of opinion" on the part of lower courts, and whether the outcome in the particular case at issue was "susceptible to debate among reasonable minds."

Significant differences in opinion clearly exist amongst the Circuits that now have ruled on the issue of whether double jeopardy attaches in a civil forfeiture proceeding to bar a subsequent criminal prosecution for the same offense. *See United States v. Tilley*, 18 F.3d 295 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994) (double jeopardy does not attach in civil forfeiture to bar subsequent criminal action); *United States v. Clementi,* 70 F.3d 997 (8th Cir.1995) (same); *but see 405*, 33 F.3d 1210 (9th Cir.1994) (civil forfeiture constitutes punishment which bars subsequent criminal prosecution as double jeopardy); *United States v. Baird,* 63 F.3d 1213 (3d Cir.1995) (separate opinion of Sarokin, J.) (civil forfeiture should constitute punishment for double jeopardy purposes); *also compare United States v. Ursery,* 59 F.3d 568 (6th Cir.1995) (forfeiture of property used to facilitate drug crimes is punishment for purposes of double jeopardy) *with United States v. Salinas,* 65 F.3d 551 (6th Cir.1995) (forfeiture of drug proceeds does not constitute punishment for purposes of double jeopardy). *See also United States v. One Single Family Residence,* 13 F.3d 1493 (11th Cir.1994) (no double jeopardy bar because civil forfeiture is part of "single, coordinated prosecution"); *United States v. Millan,* 2 F.3d 17 (2d Cir.1993) (same). The conflicting results of double jeopardy challenges across the country compel the conclusion that the result reached by the Ninth Circuit in *405* was "susceptible to debate among reasonable minds."

■ This conclusion is reinforced by the fact that the *405* decision dramatically changed the Ninth Circuit's own approach to the question of whether civil forfeitures constitute punishment for purposes of double jeopardy analysis. Reviewing the existing precedent in *405*, the Ninth Circuit observed that "[a] decade ago, the law was clear that civil forfeitures did not constitute 'punishment.'" 33 F.3d at 1218. In *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), however, the Supreme Court held that the imposition of a substantive money penalty pursuant to a civil False Claims Act proceeding against an individual who had already been criminally convicted

---

2. This conclusion is contrary to that reached by other district courts in this circuit. Other district court decisions addressing the issue of retroactive application of *$405,089.23* have concluded that the Ninth Circuit did not announce a new rule through this case. *See Oakes v. United States,* 872 F.Supp. 817 (E.D.Wash.1994); *United States v. McCaslin,* 863 F.Supp. 1299 (W.D.Wash.1994); *United States v. Stanwood,* 872 F.Supp. 791 (D.Or.1994); *United States v. Tamez,* 881 F.Supp. 460 (D.Or.1995).

for submitting the same false claims constitutes "punishment" for purposes of double jeopardy. *Id.,* at 452, 109 S.Ct. at 1904. "Simply put," the Court ruled, "a civil as well as a criminal sanction constitutes punishment when the sanction as applied in the individual case serves the goals of punishment." *Id.,* at 448, 109 S.Ct. at 1902.

Although *Halper* had been decided at the time of Garcia's conviction, the Ninth Circuit did not, at that time, interpret *Halper* to require application of double jeopardy analysis in the civil forfeiture context. In *United States v. McCaslin,* 959 F.2d 786 (9th Cir. 1992), the Ninth Circuit refused to apply *Halper*'s rationale in a civil forfeiture action brought under 21 U.S.C. § 881(a)(7). The defendant in *McCaslin* argued that his criminal conviction for manufacturing and possessing marijuana should be overturned on double jeopardy grounds because the property used by the defendant to grow the marijuana had already been forfeited in a civil proceeding. The Ninth Circuit found no violation of double jeopardy, ruling that "*Halper* has no application to the very ancient practice by which instrumentalities of a crime may be declared forfeit to the government." *Id.* at 788. Thus, under the law existing in this Circuit at the time Garcia's conviction became final, civil forfeitures did not constitute "punishment" triggering the protection of double jeopardy.

■ In *405,* the Ninth Circuit ruled that the Supreme Court decision in *Austin v. United States,* 509 U.S. 602, ——, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993), "directly rejected" the *McCaslin* approach. The *Austin* decision, however, had not been handed down at the time Garcia's criminal conviction became final.[3] Garcia cannot rely on *Austin,* therefore, to argue that *405* did not establish a new constitutional rule under *Teague.*

Viewing the *Teague* analysis from another perspective, if the same motion now before the court had been made at the time of Garcia's sentence in March of 1991, the legal context would be post-*Halper,* pre-*McCaslin* and pre-*Austin.* A reasonably prescient trial court would have anticipated the Ninth Circuit ruling in *McCaslin* and denied the motion. In other words, given the legal context, the categorical application of double jeopardy analysis to civil forfeiture proceedings was at least "susceptible to debate among reasonable minds." Moreover, *McCaslin* was decided prior to the time Garcia's conviction became final; consequently, during the time Garcia's direct appeal was pending, the law in the Ninth Circuit required rejection of a motion based on double jeopardy grounds where the defendant argued that jeopardy had attached in an earlier civil forfeiture proceeding. Although *Austin* and *405* changed this result, that change did not occur until after Garcia's conviction · became final.

This Court concludes that the decision in *405* announces a new rule under *Teague.* Accordingly, the Court now turns to an examination of whether an exception exists which would allow application of this new rule on habeas review.

### 3. Does an Exception Allow Retroactive Application?

■ There are three recognized exceptions which allow retroactive application of a new rule on collateral review. Under the first exception, "a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Butler,* 494 U.S. at 415, 110 S.Ct. at 1218. This exception is not applicable here because the rule in *405* did not provide categorical protection against punishment through forfeiture; it protected instead only against forfeitures pursued in proceedings commenced after and separate from those used to try the underlying criminal offense.

■ Under the second exception to the *Teague v. Lane* retroactivity analysis, a new rule may be applied on collateral review "if it requires the observance of 'those procedures that ... are implicit in the concept of

---

**3.** *Austin* was decided on June 28, 1993. Garcia's criminal conviction became final on April 27, 1993.

ordered liberty.'" *Butler*, 494 U.S. at 415, 110 S.Ct. at 1218. Petitioner also argues that *405* falls into this exception. This exception is limited, however, "to those procedures without which the likelihood of an accurate conviction is seriously diminished." *Id.* The rule at issue here has no bearing on the accuracy of the defendant's criminal conviction. As such, the second exception to non-retroactivity is inapplicable in this case.

In supplemental briefing on this issue, petitioner also argues that retroactive application is appropriate because the rule of law which Garcia invokes is substantive, rather than procedural. Petitioner's argument is premised upon a third exception, which provides that, in contrast to new constitutional rules of criminal procedure, substantive rules of criminal law are applied retroactively. *See United States v. McClelland*, 941 F.2d 999, 1000 (9th Cir.1991) (holding that the decision in *Aguon II*, 851 F.2d 1158 (9th Cir.1988), finding that inducement is an essential element of extortion, was fully retroactive). Under this substantive law exception, when a defendant is convicted and punished "for an act the law did not make criminal" that defendant is "entitled to challenge the conviction to avoid 'a complete miscarriage of justice.'" *McClelland*, 941 F.2d at 1001 (9th Cir.1991) (quoting *Davis v. United States*, 417 U.S. 333, 345, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974)).

Unlike the rule announced and applied in *McClelland*, the rule announced in *405* is not a substantive rule of law. Substantive rules generally involve judicial interpretations of the scope of federal criminal law statutes. *See e.g., Chambers v. United States*, 22 F.3d 939, 942–43 (9th Cir.1994) (full retroactivity to ruling that scienter was required for federal child pornography offense); *Ianniello v. United States*, 10 F.3d 59, 63 (2d Cir.1993) (full retroactivity to decision narrowing scope of RICO offenses); *United States v. Sood*, 969 F.2d 774, 775–76 (9th Cir.1992) (full retroactivity to ruling that federal bribery offense was not prosecutable in Guam); *United States v. Shelton*, 848 F.2d 1485, 1489 (10th Cir.1988) (*en banc*) (full retroactive application of rule limiting scope of mail fraud prosecutions); *Ingber v. Enzor*,

841 F.2d 450, 454–55 (2d Cir.1988) (full retroactivity to decision limiting scope of mail fraud offenses). In contrast, *405* involved interpretation of a constitutional provision—the double jeopardy clause. Accordingly, *405* did not announce a substantive rule requiring retroactive application.

Because *405* announced a new rule, and no exceptions apply, it should not be applied on habeas to provide Garcia relief from his criminal conviction.

*B. Did Jeopardy Attach in the Civil Proceeding Before the Jury Was Empaneled in the Criminal Proceeding?*

Even if *405* could be retroactively applied to this case, it would not provide Garcia a basis for relief from his criminal conviction because jeopardy attached first in the criminal action.

In *405*, the Ninth Circuit held that civil forfeiture of money connected with conspiracy and money laundering, after the claimants had been convicted and sentenced for those crimes, violated the constitutional prohibition against double jeopardy. *405*, 33 F.3d at 1220. Although the criminal conviction in *405* preceded the civil forfeiture, the Ninth Circuit emphasized that its holding applied equally to situations in which the sequence was reversed. *Id.* at 1222; *see also United States v. Chick*, 61 F.3d 682, 686 (9th Cir. 1995).

A court cannot invalidate a criminal conviction on double jeopardy grounds unless jeopardy attached in the civil forfeiture proceeding against the claimant-defendant's property or currency before it attached in the criminal action. *See United States v. Kearns*, 61 F.3d 1422, 1428 (9th Cir.1995) (holding that conviction did not violate double jeopardy where jury was empaneled and sworn in criminal trial before defendant filed answer to forfeiture complaint). Thus, Garcia would only be entitled to relief from his criminal conviction if jeopardy first attached in the civil forfeiture action against his Mercedes.

It is well-settled that jeopardy attaches in a criminal case when the court

accepts a defendant's guilty plea, a jury is empaneled for trial, or the first witness is sworn in a bench trial. *See United States v. Martin Linen Supply Company,* 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977). In contrast to the well-settled rule for criminal cases, as of this date, the Ninth Circuit has not made a clear statement as to the time when jeopardy attaches in a civil forfeiture case. Several decisions, however, provide guidance on this question. *See United States v. Kearns,* 61 F.3d 1422, 1428 (9th Cir.1995) (holding that conviction did not violate double jeopardy where jury was empaneled and sworn in criminal trial before defendant filed answer to forfeiture complaint); *United States v. Barton,* 46 F.3d 51, 52 (9th Cir.1995) (jeopardy attaches no earlier than date on which defendant filed answer to forfeiture complaint); *see also United States v. Faber,* 57 F.3d 873, 874–75 (9th Cir.1995) (conviction does not violate double jeopardy where defendant entered guilty plea before entering into settlement agreement in civil forfeiture proceeding); *United States v. Wong,* 62 F.3d 1212, 1214–15 (9th Cir.1995) (holding that jeopardy does not attach in the administrative process preliminary to formal forfeiture proceedings even when the petitioner has filed a petition for remission or mitigation); *United States v. Sanchez–Cobarruvias,* 65 F.3d 781, 783 (9th Cir.1995) (stating that there must be a degree of finality to the civil proceeding before double jeopardy may be deemed to attach).[4]

■ Consistent with these Ninth Circuit decisions and by analogy to criminal cases, this Court finds that jeopardy attaches in a civil forfeiture case when the defendant enters into a stipulation for decree of forfeiture, or when a judgment is entered following a dispositive motion, or, in cases that go to trial, when the jury is empaneled or the first witness is sworn in a bench trial. *Accord*

*United States v. Stanwood,* 872 F.Supp. 791 (D.Or.1994).

The petitioner argues that jeopardy should attach when the defendant files an Answer in the civil forfeiture proceeding. Petitioner reasons that it is at this point that the claimant risks entry of an adverse judgment against him. The government responds, however, with a more convincing analogy. According to the government, the filing of an answer is analogous to a defendant entering a not guilty plea in a criminal proceeding. "Like a not guilty plea, the filing of an answer in the civil forfeiture context does little more than announce the defendant's disagreement with the government's allegations and his intention to force the government to meet its burden of proof." Govt.Response at 11. Since jeopardy does not attach at this preliminary stage in a criminal proceeding, the government reasons, there is no logical reason for it to attach at a similar pleading stage of a civil forfeiture proceeding.

As noted above, the Court agrees with the government that the appropriate point for the attachment of jeopardy in the civil forfeiture proceeding at issue is when Garcia entered into a stipulation for decree of forfeiture. Taking the logic of the government's comparison one step further, the entry of a Stipulation and Order in a civil forfeiture is analogous to the court accepting the defendant's guilty plea in a criminal case, a process which does trigger double jeopardy protection. Both events signal a significant adjudicative stage in the proceedings, and both require the parties to appear together before the Court to be binding. It therefore seems consistent with the underlying policy of the double jeopardy protection to find that jeopardy attached in this case when the court accepted the Stipulation for forfeiture.

In this case, Garcia entered into the Stipulation for forfeiture on October 30, 1990.

4. In the recent unpublished decision of *Harrison v. United States,* 67 F.3d 307, 1995 WL 576867, 1995 U.S.App. LEXIS 28318 (9th Cir. Sept. 29, 1995), the Ninth Circuit stated:

Harrison contends that his criminal conviction violated the Double Jeopardy Clause because jeopardy attached first in the civil forfeiture proceeding instituted against him. We dis-

agree. Because Harrison pleaded guilty in the criminal proceeding prior to entering into the Stipulation for Decree of Forfeiture, his criminal conviction is not subject to attack on double jeopardy grounds. *See United States v. Faber,* 57 F.3d 873, 874–75 (9th Cir.1995); *United States v. Barton,* 46 F.3d 51, 52 (9th Cir.1995).

The jury was empaneled in his criminal case on September 14, 1990. As such, Garcia's double jeopardy challenge to his criminal conviction is without merit.

### C. Did the Civil Forfeiture Constitute "Punishment"?

■ As a separate and independent reason to deny the petition, the Court finds that the forfeiture of Garcia's used Mercedes car does not serve a punitive purpose such that it would constitute "punishment" for double jeopardy analysis.

■ When the Supreme Court shifted course in *Halper*, deciding that civil proceedings could constitute punishment for purposes of double jeopardy, the Court stated that "the labels 'criminal' and 'civil' are not of paramount importance" in determining whether a sanction constitutes punishment for purposes of double jeopardy. The Court held that a civil sanction, in application, "may be so divorced from any remedial goal that it constitutes 'punishment' for the purpose of double jeopardy analysis."

> [A] civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving retributive or deterrent purposes, is punishment.

*Id.*, 490 U.S. at 448, 109 S.Ct. at 1901.

As this court has previously noted, the ruling in *Halper* was a rule of reason, applicable when a sanction is "overwhelmingly disproportionate to the damages ... caused." *See United States v. Ramos–Oseguera*, 900 F.Supp. 1258 (N.D.Cal.1995) (quoting *Halper*, 490 U.S. at 449, 109 S.Ct. at 1902). The forfeiture of a used Mercedes automobile cannot be considered a retributive or punitive sentence which is "proportionate," in any conceivable sense of the word, to the offenses involved in the criminal charges against Jose Garcia. Garcia was sentenced by this court on the criminal charges to 300 months in prison. The forfeiture of a used car, although serving a remedial purpose by preventing the future use of an instrumentality of past crimes, is in no sense proportionate to the punitive sanction of twenty-five years in prison. One need only contemplate the fate

of a bill introduced in Congress to reduce the present CCE penalty to one requiring the convicted offender forfeit a used car to realize the force of this proposition.

Accordingly, under the reasoning in *Halper*, the Court finds that the forfeiture of the used Mercedes was wholly disproportionate to the criminal activity in which the defendant engaged and did not constitute the type of punishment necessary to trigger the protection of double jeopardy.

### III. CONCLUSION

Because *405* announced a new rule, this Court need not apply it on collateral review. However, even if *405* was applied, it would not provide relief from Garcia's criminal conviction because jeopardy attached in the criminal conviction first. Moreover, even if jeopardy would normally attach at an earlier stage in a civil forfeiture proceeding, because the civil forfeiture in this case is a sanction wholly disproportionate to the egregious criminal activity in which the defendant engaged, it is not a punishment which can trigger the protection of double jeopardy.

IT IS SO ORDERED.