79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin Allen JOHNSON, Defendant-Appellant.
 No. 95-35182.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Allen Johnson appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion[1] and motion for reconsideration. Johnson contends that his conviction violates the Double Jeopardy Clause because it is based on the same acts that resulted in forfeiture proceedings in Oregon state courts. We have jurisdiction under 28 U.S.C. §§ 1291, 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451 (9th Cir.1995), and affirm.
 
 
 3
 The United States may "punish the same conduct already punished by one of the several states without violating the Double Jeopardy Clause." United States v. Figueroa-Soto, 938 F.2d 1015, 1018 (9th Cir.1991), cert. denied, 502 U.S. 1098 (1992). A successive federal prosecution may be barred only if federal prosecutors were "tools" of the state, or the second prosecution was a "sham" or cover for a state prosecution. See id. at 1019; see also Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959); United States v. 6380 Little Canyon Road, 59 F.3d 974, 987 (1994).
 
 
 4
 Johnson's claim fails for two reasons. First, Johnson did not allege any facts in the district court indicating that the federal prosecution amounted to a sham or cover, or that federal prosecutors were tools of Oregon officials. See Bartkus, 359 U.S. at 165 (evidence that state prosecuted at request of federal authorities, and that federal officers instigated, guided, and prepared state's case insufficient); 6380 Little Canyon Road, 59 F.3d at 987 (evidence that county prosecutor spearheaded subsequent forfeiture action insufficient); Figueroa-Soto, 938 F.2d at 1019 (evidence of cooperation between governments insufficient).
 
 
 5
 Second, Johnson alleged no facts indicating that jeopardy in the state forfeiture proceedings attached before jeopardy attached in the federal criminal proceedings. See United States v. Kearns, 61 F.3d 1422, 1428 (9th Cir.1995) (earliest that jeopardy attaches is when defendant files a response to a forfeiture complaint); United States v. Barton, 46 F.3d 51, 52 (9th Cir.1995) (same). He therefore alleges no double jeopardy claim. See Kearns, 61 F.3d at 1428; Barton, 46 F.3d at 52.
 
 
 6
 No evidentiary hearing was necessary because the record conclusively shows that he was not entitled to relief, and Johnson did not allege any facts creating a material factual dispute. See United States v. Andrade-Larrios, 39 F.3d 986, 991 (9th Cir.1994). The district court did not err by denying Johnson the appointment of counsel. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983). Johnson raises a number of other claims in his appellate briefs that we do not address because he did not present them in his § 2255 motion in the district court. See United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe Johnson's "motion for rehearing" of January 23, 1995 as a motion brought under 28 U.S.C. § 2255. See United States v. Johnson, 988 F.2d 941, 943 (9th Cir.1993) (mislabeled pro se motion may be construed as § 2255 motion)