85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Raymond ALAWAY, Defendant-Appellant.
 No. 95-36183.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner James Raymond Alaway appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Alaway contends that his criminal conviction for manufacturing marijuana and the subsequent forfeitures of his property constituted multiple punishments in violation of the Double Jeopardy Clause. We have jurisdiction under 28 U.S.C. §§ 1291 and 2255, and we affirm.
 
 
 3
 Since Alaway pled guilty before the forfeiture proceedings were finalized for double jeopardy purposes, jeopardy attached first in the criminal proceeding. See United States v. Faber, 57 F.3d 873, 874-75 (9th Cir.1995); United States v. Barton, 46 F.3d 51, 52 (9th Cir.1994); see also United States v. Sanchez-Cobarruvias, 65 F.3d 781, 783-84 (9th Cir.1995), cert. denied, 116 S.Ct. 797 (1996) (suggesting that some degree of finality is necessary before jeopardy can attach in civil forfeiture proceeding). Accordingly, Alaway's attempt to challenge his criminal conviction on double jeopardy grounds was precluded by the timing of the proceedings. See United States v. Halper, 490 U.S. 435, 439 (1989).
 
 
 4
 Alaway's challenge to the forfeitures is not cognizable in a 28 U.S.C. § 2255 proceeding. See 28 U.S.C. § 2255.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3