87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charlie BURNES, Defendant-Appellant.
 No. 95-35413.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1995.*
Decided June 6, 1996.
 
 1
 Before: D.W. NELSON, JOHN T. NOONAN, Jr., Circuit Judges and WARE.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Burnes appeals from the district court's order denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and on the grounds of double jeopardy. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 A federal grand jury indicted Burnes on July 12, 1990, charging him with five separate violations of 21 U.S.C. § 841(a)(1). Search and arrest warrants were served on Burnes on July 17, 1990. On July 24, 1990, the United States filed civil complaints seeking forfeiture of three separate parcels of real property. A superseding indictment was filed on August 15, 1990, and another civil complaint was filed seeking forfeiture of $9,500. On September 11, 1990, the United States filed a second superseding indictment, containing eighteen counts of illegal drug possession and distribution, money laundering, and illegal firearms possession. The United States filed four more civil complaints on October 22, 1990, seeking forfeiture of two vehicles, silver and gold, and $41,900 in currency.
 
 
 5
 Burnes pled guilty to six counts of the second superseding indictment on June 10, 1991. The pleas were not part of a negotiated plea agreement. The government dismissed the remaining counts. On September 9, 1991, Burnes was convicted and sentenced. Burnes executed stipulations of forfeiture to six of the eight civil complaints seeking forfeiture of property on September 13, 1991. On September 30, 1991, the United States filed motions for entry of judgment of forfeiture pursuant to Burnes' stipulations. The judgments were entered between October 2 and October 9, 1991. One civil complaint seeking forfeiture of a parcel of real estate was left open to ongoing litigation and was concluded by entry of default judgment of forfeiture on July 28, 1993. The last case of civil forfeiture, for silver and gold, was dismissed pursuant to the agreement between Burnes and the United States to forfeit properties in the other six cases.
 
 
 6
 On October 5, 1994, Burnes filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 in United States District Court. The court denied Burnes' motion and this appeal followed.
 
 STANDARD OF REVIEW
 
 7
 The district court's denial of a petition for habeas corpus relief is reviewed de novo. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). Whether a defendant's double jeopardy rights have been violated is a question of law reviewed de novo. United States v. Wolfswinkel, 44 F.3d 782, 784 (9th Cir.1995).
 
 DISCUSSION
 
 8
 The double jeopardy clause of the Fifth Amendment protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 440 (1989). The third protection is at issue here.
 
 
 9
 Burnes rests his alternative double jeopardy claims on this court's decision in United States v. $405,089.23 U.S. Currency, which held that once convicted in a criminal case, a defendant cannot subsequently be punished in a civil forfeiture action based on the same violation of the law. 33 F.3d 1210, 1219 (9th Cir.1994). Rather, a criminal prosecution and a forfeiture action based on the same offense must be brought in the same proceeding, i.e., the same indictment. Id. at 1218-19, 1222. The United States filed a petition for a writ of certiorari in United States v. $405,089.23 before the United States Supreme Court on August 28, 1995, after this case was briefed.
 
 A. Validity of Burnes' Criminal Conviction
 
 10
 Burnes contends that, although denoted "civil," the forfeitures against his property were in fact punitive, and thus his criminal sentence was imposed in violation of the prohibition against multiple punishments for the same offense. Austin v. United States, 113 S.Ct. 2801, 2810 (1993). However, to prevail in this appeal Burnes must show that jeopardy attached at some point prior to his conviction. The earliest that jeopardy could have attached regarding Burnes' criminal conviction is the date at which he filed his answer to the forfeiture complaint. See United States v. Barton, 46 F.3d 51, 52 (9th Cir.1995). Here, the date of Burnes' guilty plea, June 10, 1991, as well as the entry of the judgment of conviction and sentence, September 9, 1991, occurred before Burnes executed stipulations as to forfeiture, on September 13, 1991. Therefore, Burnes' criminal conviction does not constitute double jeopardy.
 
 
 11
 We also reject Burnes' argument that in essence the civil forfeitures occurred prior to his sentence because they tied up his assets and forced him to rely on a government-paid attorney, thus "effectively punish[ing] him." Burnes cites no authority for the proposition that being forced to rely on court-appointed counsel constitutes punishment.
 
 B. Validity of Civil Forfeitures
 
 12
 Burnes alternatively contends that the civil forfeiture judgments constituted double jeopardy because they occurred after his conviction. Not only is Burnes raising this issue for the first time on appeal, which is in itself problematic, but he is also raising the issue of the propriety of civil forfeiture within an appeal from a denial of a habeas petition. However, even assuming that this claim is properly before this court, we find that it lacks merit because he has not shown that the forfeitures were tied to the same offenses for which he was convicted. See United States v. $405,089.23, 33 F.3d at 1215.
 
 
 13
 Offenses will be considered different if each requires proof of a fact that the other does not. United States v. Dixon, 113 S.Ct. 2849 (1993). Here, Burnes pled guilty and was convicted of two weapons charges, two drug possession charges, and two drug distribution charges. He did not plead guilty to any money laundering violations. Thus, the forfeitures of 75 River St., 510 First St., and $9,500 (all predicated on money laundering as the alleged basis for forfeiture) were based on offenses different from those to which Burnes pled guilty. Neither did Burnes plead guilty to transporting cocaine on either March 29, 1989 or April 10, 1989. Thus, the forfeitures of both automobiles were based on offenses different than those to which Burnes pled guilty.
 
 
 14
 We find also that the offenses on which Burnes' criminal convictions are based are different from the offenses on which the $41,900 and Terror Gulch forfeitures are based. The $41,900 forfeiture is based on the entire course of conduct underlying Burnes' criminal operation, which spanned several years. In contrast, Burnes pled guilty to four distinct drug possession and distribution charges, each a discrete event occurring on a particular date. Similarly, the Terror Gulch property forfeiture was based on an extensive, ongoing drug operation whereas Burnes' conviction for possession and distribution of drugs involved only a single offense. Thus, the $41,900 and Terror Gulch forfeitures also do not constitute double jeopardy.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable James Ware, District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3