87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick STERLING, Defendant-Appellant.
 No. 95-35152.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided June 21, 1996.
 
 1
 Before: BROWNING and T.G. NELSON, Circuit Judges, and SMITH,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The forfeiture proceeding against Sterling's property was converted from an administrative proceeding to a judicial proceeding after the DEA discovered his August 1989 letter. Thus, the earliest jeopardy could have attached was when Sterling filed his motion for summary judgment in response the complaint for forfeiture. United States v. Barton, 46 F.3d 51, 52 (9th Cir.1993) (earliest jeopardy can attach in judicial proceeding is when defendant files answer to forfeiture complaint). Because this motion was filed after Sterling was convicted and sentenced, the conviction and sentence are not subject to a double jeopardy attack. Id.
 
 
 4
 Jeopardy did not attach during the uncontested administrative proceedings. United States v. Cretacci, 62 F.3d 307 (9th Cir.1995), petition for cert. filed, (Feb. 13, 1996) (No. 95-7955). Sterling's letters to the Government may have demonstrated a desire to claim an interest in the property, but an intent to assert an ownership interest does not amount to contesting an administrative forfeiture proceeding. United States v. Castro, 78 F.3d 453, 456-57 (9th Cir.1996) ("There is no authority for finding that anything less than a legally sufficient claim and bond precludes the government from determining that the property is abandoned as a matter of law and the forfeiture is uncontested.").
 
 
 5
 Because Sterling's double jeopardy claim is meritless, so too is his argument that counsel was ineffective for failing to raise it. Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.1989) (failure to raise meritless legal argument does not constitute ineffective assistance of counsel).
 
 AFFIRMED.[1]
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Fern M. Smith, District Judge, United States District Court for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Sterling's appeal fails on the merits, we need not consider the effect of the Antiterrorism and Effective Death Penalty Act of 1996